UNITED STATES v. ONE STRADIVARIUS KIESERWETTER VIOLIN et al.

(Circuit Court of Appeals, Second Circuit.   May 13, 1912.)

No. 119.

CUSTOMS DUTIES (§ 130*)—UNLAWFUL IMPORTS—PROCEEDINGS FOR FORFEITURE —LIMITATIONS—CONCEALMENT OF PROPERTY—EVIDENCE—SUFFICIENCY— "CONCEAL."

Decedent cannot be deemed to have concealed an imported violin, brought into the United States without payment of duty in violation of the customs laws, within Act June 22, 1874, c. 391, § 22, 18 Stat. 190 (U. S. Comp. St. 1901, p. 727), which provides that the time of the concealment of property shall not be considered within the limitation fixed for bringing suit to recover a penalty or forfeiture accruing under the

---

customs laws, where decedent exhibited the violin to many guests, including well-known violinists, at musicales.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 296–315; Dec. Dig. § 130.*

For other definitions, see Words and Phrases, vol. 2, pp. 1377–1384.]

In Error to the District Court of the United States for the Southern District of New York.

Proceeding by the United States to forfeit one Stradivarius Kieser wetter violin, in which Louisine W. Havemeyer and others, as executors, claimed the property. Verdict for claimants (188 Fed. 542), and the government brings error. Affirmed.

Writ of error to review a judgment of the District Court, Southern District of New York, entered upon the verdict of a jury in favor of the claimants rendered in accordance with the direction of the court.

The information was filed to enforce the forfeiture of a valuable Stradi varius violin called the "Kieserwetter" after its former owner.

The ground upon which a forfeiture was claimed was that the violin had been brought into the United States without payment of duty in violation of different provisions of the customs laws. The executors of Henry O. Havemeyer appeared, filed a claim and answered denying the allegations in the information and pleading the statute of limitations.

The trial judge directed a verdict in favor of the claimants, holding, among other things, that the proceedings were barred by the statute of limitations.

The limitation statute in question is section 22 of the Act of June 22, 1874 (18 Stat. at Large, 190), and reads as follows:

"That no suit or action to recover any pecuniary penalty or forfeiture to property accruing under the customs revenue laws of the United States shall be instituted, unless such suit or action shall be commenced within three years after the same shall have accrued; provided, that the time of the absence from the United States of the person subject to the penalty or forfeiture, or of any concealment or absence of the property, shall not be reckoned within this period of limitation."

Henry A. Wise, U. S. Atty., and Addison S. Pratt, Carl E. Whitney, and Frank M. Roosa, Asst. U. S. Attys.

H. B. Closson, for defendants in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The only question which it is necessary to consider in this case is whether the proceedings were barred by the statute of limitations.

Concededly the forfeiture "accrued" more than three years before the action was instituted, and the statute is a bar unless the case comes within the proviso relating to the concealment of the property.

The concealment which prevents the running of the statute must be some act which places the property in a situation which tends to prevent its discovery. Something must be done which prevents or hinders the governmental authorities from obtaining, in the exercise of ordinary diligence, information concerning the property. Whether a fraudulent motive must in all cases be shown need not be determined. But there must always be acts of an affirmative character. Mere failure to give information is not enough. Silence with or without knowledge is not concealment.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In this case there seems to have been no attempt to secrete the violin. It was kept on Mr. Havemeyer's library table, at his residence at New York. It was exhibited to many guests, including well-known violinists, at musicales, and was pointed out as the famous "Kieserwetter Strad." Short of making a public exhibition of 'the violin or notifying the customs authorities, there was little more that could have been done to publish the presence of the violin. But Mr. Havemeyer was not obliged to publicly exhibit, and, as we have seen, even if he had knowledge of the unlawful importation, he did not conceal by keeping silent. In our opinion, the proof failed altogether to show any concealment within the proviso of the limitation statute.

The doctrine of the fraudulent concealment of a cause of action is inapplicable upon the facts here presented and in this kind of a case.

The judgment of the District Court is affirmed.