## VAUT et al. v. GATLIN.

No. 1042.   Opinion Filed November 14, 1911.

Rehearing Denied January 9, 1912.

(120 Pac. 273.)

1.    **LIMITATION OF ACTIONS** — Personal Property — Replevin — Limitations. Under Mansf. Dig. sec. 4478 (Ind. T. Ann. St. 1899, sec. 2945) actions in replevin are required to be brought within three years.

2.    **LIMITATION OF ACTIONS**—Replevin—Property Taken out of Jurisdiction. The statute of limitations (Mansf. Dig. sec. 4478 [Ind. T. Ann. St. 1899, sec. 2945]) as to personal property stolen and removed from this jurisdiction is suspended by Mansf. Dig. sec. 4502 (Ind. T. Ann. St. 1899, sec. 2969) and begins to run in favor of an innocent purchaser for value, so as to bar a recovery against the true owner, from the time the property is returned to this jurisdiction and by such purchaser held openly and notoriously for three years.

3.    **LIMITATION OF ACTIONS**—Submission to Jury. Where in replevin the statute of limitations had been suspended pending the removal of the property from this jurisdiction and since its re-

turn or the starting of the statute three years had not expired at the time of the commencement of the suit, **held** that the court did not err in refusing to submit to the jury the issue of the running of the statute.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by Fannie Gatlin against A. and C. Vaut. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. W. Hocker,* for plaintiffs in error.

*Ben Franklin* and *W. H. Woods,* for defendant in error.

TURNER, C. J. This is a suit in replevin, originally commenced on September 19, 1904, before a United States commissioner by Fannie Gatlin, defendant in error, against A. and C. Vaut, plaintiffs in error, to recover possession of a span of mules. For answer defendants denied, *ore tenus,* the allegations of the complaint, asserted title in themselves, and pleaded the statute of limitations in bar of plaintiff's demand. There was judgment for plaintiff. In the United States Court for the Southern District of Indian Territory, sitting at Purcell, to which the case was appealed, a demurrer was sustained to the complaint, which was reversed on appeal (*Gatlin v. Vaut et al.,* 6 Ind. T. 254, 91 S. W. 38), and on trial anew in the district court there was judgment for plaintiff. To reverse the judgment, defendants bring the case here.

It is assigned that the court erred in refusing, at the close of all the evidence, to instruct the jury to return a verdict for defendants. There is no material conflict in the evidence. It discloses that on the night of March 1, 1901, while plaintiff was the widow of James Churchman, who had died in possession and the owner thereof, the mules in controversy were stolen from her, near Ireton, in what is now McClain county; that, although diligent search was made, they disappeared, and were seen and heard of no more until a short time before this suit, when they were found in possession of one of the defendants Vaut, in said

county, at which time plaintiff was living in another part of the state; that said Vaut bought them in good faith, and for value, from a certain man in Ft. Worth, in November, 1902, and the next month brought them to Mayesville, where plaintiff found them, and where they had been since brought there. It is urged that the evidence failed to disclose title in plaintiff, as she alleged The burden was upon plaintiff to make out a *prima facie* title. This she did when she proved that after the death of her husband, no administrator being appointed, she retained the mules as her own, claiming them presumably under Mansf. Dig., sec. 3, which reads:

"When any one shall die leaving a widow or children, and it shall be·made to appear to the probate court that the estate of the deceased does not exceed three hundred dollars, the court shall make an order that the estate vest absolutely in the widow or children, as the case may be; and in all cases when the estate does not exceed eight hundred dollars, the widow or children, as the case may be, shall be entitled to retain the amount of three hundred dollars of the property at cash price."
—and which was in force at that time in that jurisdiction.

As possession of personal property is *prima facie* evidence of the ownership and that the possession is lawful, and, in replevin, such possession in plaintiff and a wrongful taking is all that is necessary to maintain the suit (*Sumner v. McFarlen,* 15 Kan. 600; *Branson v. Heckler,* 22 Kan. 610; *Knox v. Hellums,* 38 Ark. 413; *Prater, Adm'r, v. Frazier and Wife,* 11 Ark. 249; *Martin v. Hodge,* 47 Ark. 378, 1 S. W. 694, 58 Am. Rep. 763), this was sufficient to make a *prima facie* case and shift the burden of proof. But, as such evidence was only *prima facie,* and may be overthrown by other testimony, to maintain the burden, defendants undertook to show that the estate of deceased exceeded $800, in order to show that plaintiff had no right to retain the amount of $300 of the property, and proved that at the death of the husband his entire estate consisted of these mules, which were then colts and worth about $100 each, four or five head of horses, three head of cattle, two wagons, and some plows and tools, of a total value not shown. We are therefore of

the opinion that, as plaintiff proved *prima facie* title, which was not overcome by defendants' proof to the contrary, the court did not err in overruling the demurrer to the evidence.

Being without title, having received none from their grantor, defendants next urge that this suit is barred by Mansf. Dig., sec. 4478 (Ind. T. Ann. St. 1899, sec. 2945), which reads:

"The following actions shall be commenced within three years after the cause of action shall accrue, and not after: First. * * * Second. * * * Third. All actions for taking or injuring any goods or chattels."

—and by section 4502 (Ind. T. Ann. St. 1899, sec. 2969), which reads:

"If any person, by leaving the county, absconding or concealing himself, or any other improper act of his own prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited after the commencement of such action shall have ceased to be so prevented"

—and that the court erred in refusing to so instruct as requested.

Concerning this estate, in this same cause, in passing on a demurrer to the complaint substantially setting forth the facts as stated, the court, in *Gatlin v. Vaut et al., supra,* said:

"The reported cases involving the question here raised are few; and none, so far as we have been able to find, are exactly in point. In all of them, where the statute has been held to bar a recovery, the defendant (or the defendant and his grantors) was shown to have been in the peaceable, open, and notorious possession of the property for the time named by the statute. In none of them was it held that the thief's possession, especially where he secreted the property, could be tacked to that of the defendant, in order to complete the bar. We do not mean to suggest that a thief could not, in any event, plead the statute in replevin. If he had held the property openly and notoriously in the community where the larceny occurred, he could undoubtedly do so, not so much because he was entitled to the protection afforded by the statute, but because of the laches of the plaintiff. But where he conceals the property, and removes both it and his person from the jurisdiction of the court, and, so long as such acts continue, as against him, the running of the statute is certainly suspended. * * * We therefore hold that the statute of limitations, as to personal property in the hands of a thief, who has removed it from the vicinity of the owner, or secreted it from him, does

not begin to run until he returns the property to the vicinity, or openly and notoriously holds it, so that the owner may have a reasonable opportunity of knowing its whereabouts and of asserting his title. And when he does this the statute begins to run, although the proof may show it to have been stolen property, not on the theory that the thief is to be protected, but because of the laches of the owner in not asserting his title for so long a period as the statute gives him. A grantor can convey no better title than he has himself. If the statute has not begun to run, his grantee can claim nothing by virtue of his possession. If the thief, after having concealed the property, has done nothing in relation to it to start the statute in his favor, his grantee cannot tack the thief's possession, or any part of it, to fill out his unexpired time. It is otherwise if the statute began to run while the property was in the hands of the thief. Then the purchaser may tack to his unexpired time the time the property was in the thief's possession after the statute began to run. If the statute did not begin to run while this property was in the possession of the thief, and if it were bought by an innocent purchaser, it commenced at the time the purchaser took possession by virtue of the sale. And if the buyer be not an innocent purchaser, if he knew it to be stolen property, he was but the receiver of stolen property, and the statute would not begin to run as to him until he should have done with it what a thief is required to do, in order to bring it within the operation of the statute."

We are therefore of the opinion that, as pending the time the mules were out of this jurisdiction the statute was suspended, and as the time since their return was too short to complete the bar, no matter how peaceable, open, and notorious might have been the possession of defendants, the court did not err in refusing to submit the issue of the running of the statute to the jury as requested, and, finding no error in the record, the judgment of the trial court is affirmed.

All the Justices concur.