## BURROUGHS ADDING MACHINE CO. v. BIVENS-CORHN CO.

No. 30160. Nov. 18, 1941.

*119 P. 2d 58.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

J. B. Moore, of Ardmore, for defendant in error.

PER CURIAM. This action in replevin was commenced on the 10th day of October, 1939, by the plaintiff, Burroughs Adding Machine Company, to recover possession of a typewriter from the defendant, Bivens-Corhn Company, in Ardmore, Okla. An appeal was taken to the district court and a trial was had de novo on the 6th day of June, 1940. The cause was tried to the court, a jury being waived, and judgment was entered for the defendant, from which judgment the plaintiff appeals.

The evidence discloses that defendant, a mercantile concern, purchased the typewriter on the 22nd day of September, 1934, and has been in the continuous, open, and notorious possession of it ever since. It was placed in the office of the defendant company with the Burroughs Adding Machine cover containing the words "Burroughs Adding Machine" printed in gold over it. An agent of Burroughs Adding Machine Company was called to service the machine in 1939 and then discovered that the typewriter was a stolen machine. A demand was made by the plaintiff on the defendant for a return thereof. The demand was refused, and this action is the result of such a refusal.

The sole question presented is the error of the court in holding that the statute of limitations, section 101, O. S. 1931, subd. 3, 12 Okla. St. Ann. § 95, had run against the right of action of plaintiff.

In McGehee v. Alexander, 33 Okla. 699, 127 P. 480, the court said:

"The statute of limitations (Mansf. Dig. sec. 4478) as to personal property stolen begins to run in favor of an in-

nocent purchaser for value and against the true owner from the time the property is bought and taken possession of by the purchaser, and the bar falls when the same is by him held openly and notoriously for three years."

This construed the statute in force at that time.

In Torrey v. Campbell, 73 Okla. 201, 175 P. 524, it is stated:

"When lost personal property, or personal property that has been stolen, is held in open and notorious possession by the party in whose possession it is found, for a period of two years from the date of the wrongful taking or wrongful possession, the right of action therefor by the original owner is barred by limitation."

See, also, Shelby v. Shaner, 28 Okla. 605, 115 P. 785.

Plaintiff relies upon Chilton v. Carpenter, 78 Okla. 210, 189 P. 747. The fact situation therein is materially different from the case at bar, and the jury in that case in arriving at a conclusion in favor of the defendant could easily have found that at no time did the defendant have open and notorious possession of the property involved for the statutory period. There is no statement in Chilton v. Carpenter, supra, contrary to the rule announced in the above cases. In the case at bar the evidence reasonably tends to prove that defendant purchased the typewriter in good faith for a valuable consideration and kept it in plain and open view in its place of business for a long period of time and never attempted to conceal the facts with reference to said purchase. Therefore, the judge as a trier of the questions of fact was justified in finding that the defendant had been in the open, exclusive, and notorious possession of the machine since its purchase in 1934. In Truax v. Capitol Life Ins. Co., 166 Okla. 153, 26 P. 2d 755, it is stated:

"In a law action, where trial by a jury is waived, the finding and judgment of the trial court will not be disturbed on appeal because of the insufficiency of the evidence, if there is any evidence reasonably tending to support such judgment and finding."

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, and ARNOLD, JJ., absent.