REYNOLDS v. BAGWELL.

No. 33117. Sept. 28, 1948.

*198 P. 2d 215.*

J. D. Holland and John M. Luttrell, both of Norman, for plaintiff in error.

Fred L. Hoyt and Frederick J. Hoyt, both of Oklahoma City, for defendant in error.

GIBSON, J. On the 10th day of March, 1938, defendant in error, as plaintiff, instituted this action in replevin against plaintiff in error, as defendant, for the recovery of a violin, violin bow and violin case. It is alleged in plaintiff's petition that the property was stolen from plaintiff in January, 1933, and that in March, 1938, plaintiff discovered it in the possession of defendant and made demand therefor which was refused. It is further alleged

that defendant's possession, acquired immediately after the theft, was not open, notorious and in good faith, and that it was sought to conceal the identity of the violin by willful alteration of its appearance. For answer defendant filed general denial and further alleged that he purchased the property in good faith and for value, that same had been in his possession without concealment for more than five years, and pleaded the statute of limitation as a bar to plaintiff's action. The case was tried to a jury, resulting in a verdict for plaintiff upon which judgment was rendered.

Plaintiff's ownership of the property, the theft thereof, and defendant's purchase thereof and possession for more than the statutory period of limitation, are recognized facts. The sole question involved is whether the statute of limitation is a bar to plaintiff's action.

The applicable statute, Tit. 12 O. S. 1941 §95, prescribes the period of two years. Construing the statute, in Shelby v. Shaner, 28 Okla. 605, 115 P. 785, we declared:

"The statute of limitations as to personal property, though stolen, when held in good faith for value, openly and notoriously, runs in favor of such adverse possession so as to bar a recovery by the true owner after the expiration of two years."

And in Adams et al. v. Coon et al., 36 Okla. 644, 129 P. 851, we said:

"The statute of limitations, as to lost personal property, or personal property in the hands of a thief, begins to run from the time of the wrongful taking or possession, and not from the time when the owner first had knowledge thereof, provided there was no fraud or attempt at concealment; and if such fraud or concealment exists it must, in order to avail the owner, be the act of the thief or finder of the property."

The possession of defendant having begun more than two years before the action was instituted, the statute is a bar unless there has been fraud or concealment. There is no evidence of fraud other than might be reflected in the fact of concealment, if any.

The concealment which prevents the running of the statute of limitations must be wrongful under the circumstances and it is by reason thereof the one concealing is not permitted to profit by invoking the statute. Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okla. 239, 131 P. 174, L. R. A. 1917B, 1253; Oklahoma Farm Mortgage Co. v. Jordan et al., 67 Okla. 69, 168 P. 1029. An elaboration of the rule as applied in a similar case is found in United States v. One Stradivarius Kieserwetter Violin et al. (C.C. A.) 197 Fed. 157, as follows:

"The concealment which prevents the running of the statute must be some act which places the property in a situation which tends to prevent its discovery. Something must be done which prevents or hinders the governmental authorities from obtaining, in the exercise of ordinary diligence, information concerning the property. Whether a fraudulent motive must in all cases be shown need not be determined. But there must always be acts of an affirmative character. Mere failure to give information is not enough. Silence with or without knowledge is not concealment."

The evidence reflects that the violin was purchased by an established dealer in musical instruments in the city of Norman and by him sold to defendant for use of his daughter in taking violin lessons; that it was kept in the sitting room of the home; carried back and forth and used by the daughter in taking lessons from several music teachers. There is no evidence of any intent to secrete the same from the view of any one. The only fact in evidence that could be held indicative of an intent to conceal the violin, and to any degree effective as such, is that the original varnish thereon had been removed resulting in a radical change in the appearance. Emphasis is placed on the removal of the original varnish as an act of concealment. According

to the evidence this change was not made until three or four years after defendant acquired the violin and it follows that such act if otherwise sufficient could not toll the statute that had already run.

Reversed, with direction to dismiss.

HURST, C.J., DAVISON, V.C.J., and RILEY and ARNOLD, JJ., concur. WELCH and CORN, JJ., dissent. LUTTRELL, J., having represented one of the parties below, did not participate in the consideration or determination of this case.