RIESINGER'S JEWELERS, INC., a
corporation, Appellee,

v.

J. H. ROBERSON, d/b/a Diamond Jim's
Pawn Shop, Appellant.

No. 51332.

Court of Appeals of Oklahoma,
Division No. 1.

June 20, 1978.

Whitten, McDaniel, Osmond, Goree & Davies, Tulsa, for appellee.

Linker & Linker by Russell R. Linker, II, Tulsa, for appellant.

BOX, Presiding Judge.

An appeal by J. H. Roberson, defendant, from a summary judgment in a replevin cause of action in favor of Riesinger's Jewelers, Inc., plaintiff-appellee. As this is an appeal from a summary judgment, the facts are drawn from the pleadings, exhibits produced, and the affidavits of various parties involved.

Plaintiff owned one ladies emerald diamond ring having the value of $1,148.00 on April 8, 1972 when the ring, along with other merchandise, was stolen from plaintiff in an armed robbery. Plaintiff's insurer, Federal Insurance Company, paid the total claim for loss sustained, $26,414.08, less a $1,000 deductible provided for within the policy.

In either February of 1973 or 1974, Blaine Aldridge was in a Tulsa club known as Gringo's. An unknown individual approached Aldridge and offered to sell him one ladies emerald diamond ring. Aldridge bought the ring for $300.00 and gave the ring to his wife at that time, Shirley Ann Hanson, formerly Aldridge. Shirley Hanson was awarded the ring in a divorce settlement in February of 1975.

Shirley Hanson pledged the ring to defendant, doing business as Diamond Jim's Pawn Shop, on October 23, 1975 for $400.00. The ring was redeemed by Mrs. Hanson and then later sold to defendant in March of 1976 for $450.00. While Mrs. Hanson had possession of the ring, she alleged it was worn openly and notoriously. Defendant completed and mailed to the Tulsa Police Department a Pawnbroker's and Dealer's Property Report when the ring was pledged and purchased. While defendant possessed the ring, he contends it was displayed in open and public view.

On September 23, 1976, defendant sold the ring to Caroline Wetzler for $988.00. According to defendant, the ring had a fair market value of $950.00. Ms. Wetzler brought the ring to plaintiff for sizing on September 25 at which time plaintiff recognized the ring and contacted the Tulsa County District Attorney's office who then took possession of the ring for use in a criminal prosecution. From the date of the robbery until September 25th, plaintiff did not know who had possession of the ring, had not seen the ring, and had had no

opportunity to ascertain its location. The money paid by Ms. Wetzler was refunded by defendant on October 13, 1976.

After completion of the criminal prosecution, plaintiff brought a replevin action to recover the ring on December 14th against both S. M. Buddy Fallis, Tulsa District Attorney, and defendant. Mr. Fallis makes no claim to the ring and filed an affidavit stating he was ready to dispose of the ring as the court would direct. Plaintiff pled it was still the owner of the ring and had a special interest in the ring to the extent of the $1,000 deductible under the insurance policy, the actual loss of the armed robbery, which would allow plaintiff to bring the action. Plaintiff's insurance company relinquished all rights to the ring, making no claim to ownership. Defendant answered asserting ownership to the ring and that recovery by plaintiff was barred by the two year statute of limitations contained within 12 O.S.1971, § 95 Third.

Both plaintiff and defendant moved for summary judgment. The trial court granted plaintiff's summary judgment holding plaintiff was the owner of the ring and entitled to possession and defendant had no right nor title to the ring. Defendant appeals.

 It should be noted that defendant in his answer denied the ring was owned by plaintiff. Answering interrogatories, defendant specifically did not admit that the ring was the same ring stolen from plaintiff and asserted in his affidavit that he had evidence to prove this fact. Defendant contended in the trial court that this presented a triable issue of fact which should have prevented plaintiff's summary judgment. However, when the moving party has made a prima facie showing that there is no genuine issue as to a material fact, the opposing party cannot defeat a motion for summary judgment by a bare contention that an issue of fact exists. "He must *show* that evidence is available which would justify a trial of the issue." (Emphasis added.) *Runyon v. Reid*, Okl., 510 P.2d 943, 946; quoting *Aktiengesellschaft Der Harlander v. Lawrence Walker Cotton Co.*, 60 N.M. 154, 288 P.2d 691 (1955). Defendant did not show evidence was available on this point other than making a bare contention that evidence did exist. Therefore, defendant could not have defeated plaintiff's motion for summary judgment upon the basis that a triable issue of fact existed as to whether the ring was the same ring stolen from plaintiff. Furthermore, no contention to the contrary is made by defendant on appeal.

Defendant's two propositions of error on appeal are: (1) The trial court erred in granting plaintiff's motion for summary judgment because plaintiff recovered from its insurance company and the company relinquished all rights to the ring; and (2) plaintiff's action was barred by the statute of limitations.

I.

Plaintiff recovered $26,414.08 less the $1,000 deductible from its insurance carrier for the merchandise stolen in the armed robbery. The Deductible Clause Endorsement of the policy provides:

> In the event of any recovery or salvage on a loss which has been . . . paid hereunder, such recovery or salvage shall accrue entirely to the benefit of the Company under this policy until the sum paid by them has been made up.

The insurance company relinquished all claims to the ring. Defendant argues plaintiff is not the owner of the ring inasmuch as the insurance company, by contract, owned all rights to the ring that might exist and subsequently relinquished all claims thereto. Plaintiff, not being the owner, could not maintain an action in replevin according to defendant.

 In order to bring an action in replevin, plaintiff must be the owner of the property or have a special ownership or interest therein. 12 O.S.Supp.1977, § 1571(1)(b). We hold plaintiff would be entitled to bring a replevin action under the facts of this case. Plaintiff did not recover full compensation for the loss sustained. The insurance policy contained the $1,000 deductible. The Supreme Court in *Smith v. Yoho*, Okl., 324 P.2d 531, 532 held:

Syllabus by the Court

1. Where an insurance company pays to its insured a loss occasioned by the wrongful act of a third party, and the amount of the damage to the property exceeds the amount paid by the insurance company, the insured may bring an action in his own name against the wrongdoer for the full amount of the loss.

See also *McMahan v. McCafferty*, 205 Okl. 656, 240 P.2d 443; *Harrington v. Central States Fire Ins. Co.*, 169 Okl. 255, 36 P.2d 738. The same rule has been impliedly held to apply in a replevin action for stolen property. See *Shawnee Construction Co. v. Indian Nations Park, Inc.*, Okl.App., 550 P.2d 1363, 1368.

■ We hold the same rule to apply to this case even with the Deductible Clause Endorsement because under the authorities cited plaintiff would be considered a trustee for the insurance company for any interest it *might* have in the ring. It is interesting to note that in *Shawnee Construction,* supra, the insured delivered bills of sale which purported to convey the stolen property to the insurer and the insured was still impliedly held to be the real party in interest. We affirm the trial court's ruling on this issue.

## II.

■ Defendant contends the trial court erred in granting plaintiff's motion for summary judgment inasmuch as the two year statute of limitations contained within 12 O.S.1971, § 95 Third barred plaintiff's recovery of the ring. We agree that it was error on the part of the trial court to have granted the summary judgment because there existed substantial controversies as to material facts on the issue of whether plaintiff's action was barred by limitations. We find plaintiff's arguments centering around provisions of the Uniform Commercial Code to have no bearing on the issue before this Court.

■ The statute of limitations on an action to recover stolen personal property in the hands of one who in good faith purchased the personalty for value, begins to run from the time the latter acquired the possession and not from the time the owner first had knowledge of the whereabouts of the property, provided there was no fraud or attempt at concealment. *Reynolds v. Bagwell*, 200 Okl., 550, 198 P.2d 215; *Adams v. Coon*, 36 Okl. 644, 129 P. 851. However, the action is barred only when the property is held openly and notoriously for two years, so that the owner may have a reasonable opportunity of knowing its whereabouts and of asserting his title. *Cutshall v. Yates*, 95 Okl. 277, 219 P. 343; *Torrey v. Campbell*, 73 Okl. 201, 175 P. 524; *McGehee v. Alexander*, 33 Okl. 699, 127 P. 480. The Supreme Court in *Burroughs Adding Machine Co. v. Bivens-Corhn Co.*, 189 Okl. 616, 119 P.2d 58, held:

Syllabus by the Court.

The statute of limitations as to personal property, though stolen, when held in good faith for value, openly and notoriously, runs in favor of such adverse possession so as to bar a recovery by the true owner after the expiration of two years.

■ The ring in the present case was not possessed by defendant for two years. In order to bar plaintiff's recovery, defendant would have to be able to tack the length of time the ring was possessed by Shirley Ann Hanson onto his own possession. In order to tack the possession of the prior person in possession, the property must be held by that person in good faith and for value and held openly and notoriously in the vicinity of the larceny so as to permit the owner to have a reasonable opportunity of asserting his title. *Vaught v. Gatlin*, 31 Okl. 394, 120 P. 273. After the statute begins to run, the subsequent purchaser may tack on such prior adverse holding in order to complete the bar. *Shelby v. Shaner*, 28 Okl. 605, 115 P. 785. If the statute did not begin to run while Mrs. Hanson held the property, defendant can claim nothing by her possession. *Vaught v. Gatlin,* supra. See also *Chilton v. Carpenter*, 78 Okl. 210, 189 P. 747.

Thus, there are many substantial controversies as to material facts. Did defendant and/or Mrs. Hanson acquire the ring in good faith and for value? Was there any fraud or attempt at concealment on the part of Mrs. Hanson and/or defendant? Did defendant and/or Mrs. Hanson possess

the ring openly and notoriously for two years within plaintiff's vicinity so that plaintiff had a reasonable opportunity of knowing the ring's whereabouts and of asserting ownership? The answers to these questions can only be drawn from an examination of the facts by a properly instructed jury. Due to the unusual factual situation presented, neither this Court nor the trial court could determine as a matter of law that either party was entitled to a summary judgment on the issue of whether plaintiff's recovery was barred by the statute of limitations.

Accordingly, the summary judgment in favor of plaintiff is ordered set aside and held for naught. The cause is reversed and remanded for trial in accordance with the views expressed herein.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

ROMANG and REYNOLDS, JJ., concur.