In re 1973 JOHN DEERE
4030 TRACTOR.

Victor C. WEAVER, Appellant,

v.

Carl CASEY, Appellee.

No. 69934.

Supreme Court of Oklahoma.

July 30, 1991.

John J. Gardner, II, Northcutt, Raley, Clark & Gardner, Ponca City, for appellant.

Lynn R. Osborn, Stillwater, for appellee.

Miles C. Zimmerman, Meeker, for amicus curiae Oklahoma Farm Bureau.

ALMA WILSON, Justice:

This action was initiated by the Pawnee County District Attorney pursuant to 22 O.S.Supp.1987, § 1321 seeking determination of ownership of a stolen 1973 John Deere 4030 tractor and an order of release. The issue presented is whether the claim of ownership and right of possession of the owner from whom the tractor was stolen is barred by the two-year limitation period in 12 O.S.1981, § 95 Third. This issue requires us to determine the point in time when a claim for recovery of stolen property accrues. We hold that, for purposes of determining the two-year limitation period in 12 O.S.1981, § 95 Third, a claim for recovery of stolen property by the owner from whom the property was stolen accrues when the owner first knows or, in the exercise of due diligence, should have known the whereabouts of the stolen property.

The evidence establishes the following undisputed facts. Victor C. Weaver, Appellant, owned a 1973 John Deere 4030 tractor, serial number 4030H002916R, motor number 241861T, which was stolen from his farm in Osage County, near Grainola, Oklahoma, during the evening of August 18th or the early morning of August 19, 1978. Weaver immediately reported the theft to the Osage County Sheriff's office. Upon investigation, the sheriff's office reported the stolen tractor, serial number 241861T, to the National Crime Institute Center (N.C.I.C.) and to the Cattlemen's Association. More than five years after the theft, in September, 1983, the tractor was sold by the Pawnee National Bank in Pawnee, Oklahoma, to Dennis Equipment Company, a John Deere dealership in Pawnee, Oklahoma. Dennis Equipment Company repaired and refurbished the tractor and, on May 5, 1984, sold it to Appellee, Carl Casey. The tractor remained in Casey's possession in Pawnee County until it was seized by the Pawnee County Sheriff's office in July, 1987. Verification of the serial number and the motor number on the seized tractor, ordered during the trial, conclusively identified it as the tractor stolen from Weaver in 1978.

The pleadings do not allege nor does the evidence raise a fact question as to whether Weaver knew or, in the exercise of due diligence, could have discovered the whereabouts of his stolen tractor prior to its recovery by the Pawnee County Sheriff's office in July, 1987. There is testimony from the owner of Dennis Equipment Company that the tractor was purchased at a forced sale by the Pawnee bank. No evidence was offered to show that Weaver had notice of that sale. There is also testimony that in 1983 and 1984, the time period that Dennis Equipment Company had possession of the tractor, Dennis Equipment Company received listings of serial numbers of John Deere equipment reported as stolen to the N.C.I.C. but did not search those listings for the serial numbers on the tractor.

At trial Casey asserted the two-year limitation period in 12 O.S.1981, § 95 Third as a bar to Weaver's claim of ownership and right to possession of the tractor. The trial court found that Casey was a bona fide purchaser and had owned the tractor for more than four years. Relying upon *Burroughs Adding Machine v. Bivens–Corhn Co.*, 189 Okl. 616, 119 P.2d 58 (1941), the trial court concluded that Weaver's claim was barred by the two-year statute of limitations and ordered release of the tractor to Casey. The Court of Appeals affirmed the trial court. We previously granted certiorari. We find that our early replevin case law relied upon by the trial court and the Court of Appeals herein has been supplanted by modern statutes

and decisional law. We hold that *Vaught v. Gatlin,* 31 Okl. 394, 120 P. 273 (1911) and its progeny are not controlling authority to be followed in determining when a replevin action or a claim for recovery of stolen property accrues pursuant to 12 O.S.1981, § 95 Third.

■ It is established that 12 O.S.1981, § 95 is an ordinary statute of limitations specifying time periods within which civil actions, other than for the recovery of real property, may be maintained. Section 95 imposes time limitations on judicial remedies rather than conditions upon substantive rights. *Estate of Speake,* 743 P.2d 648, 652 (Okla.1987). The statute operates to extinguish the remedy rather than the substantive right claimed. *Reynolds v. Porter,* 760 P.2d 816, 820 (Okla.1988). The statute creates an affirmative defense which vests upon the running of the applicable limitation time period specified in the statute. *Trinity Broadcasting Corp. v. Leeco Oil Co.,* 692 P.2d 1364 (Okla.1984). And, unless affirmatively asserted, the ordinary statute of limitations defense is deemed waived. *Estate of Speake,* 743 P.2d at 652.

Section 95 Third states:

Civil actions other than for the recovery of real property can only be brought within the following periods, *after the cause of action shall have accrued,* and not afterwards:

Third. Within two (2) years: An action for trespass upon real property; *an action for the taking, detaining or injuring of personal property, including actions for the specific recovery of personal property;* an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud— the cause of action in such case shall not be deemed to have accrued until discovery of the fraud. (Emphasis added.)

■ Facially, § 95 Third clearly proscribes the bringing of an action or the filing of a claim[1] to recover personal property more than two years after the cause of action or claim accrues. The action below was filed by the district attorney seeking determination of ownership and release to the rightful owner of the property held in *custodia legis,* pursuant to 22 O.S.Supp. 1987, §§ 1321 et seq.[2] Section 1321 et seq. are remedial statutes with a primary purpose being the return of stolen or embezzled property held in *custodia legis* to the rightful owner. Clearly, a claim of ownership and right of possession filed in a § 1321 proceeding seeks specific recovery of the property and is subject to § 95 Third. That is, in a § 1321 proceeding, an owner's right to recover stolen property is subject to the affirmative defense of a § 95 Third bar upon the running of two years after the owner's claim shall have accrued.

1. The Oklahoma Pleading Code, 12 O.S.Supp. 1984, provides that there shall be one form of action to be known as a "civil action", § 2002, which shall be commenced by filing a petition, § 2003, which shall set forth a concise statement upon which a claim for relief is based, § 2008. The Committee Comment to § 2008 states that recitation of the elements constituting a cause of action are not a prerequisite to pleading a claim for relief. A claim of ownership and right to possession of stolen property in a § 1321 proceeding is a claim for affirmative relief within the Oklahoma Pleading Code.

2. Title 22 O.S.Supp.1987, § 1321, operative July 1, 1987, states:
A. When property alleged to have been stolen or embezzled, comes into the custody of a peace officer, he may hold it subject to the order of the magistrate authorized by Section 1322 of this title to direct disposal thereof.
B. If the property is not needed as evidence, it may be released to the owner or designated representative of the owner upon satisfactory proof of ownership.
Title 22 O.S.1981, § 1322 states:
On satisfactory proof of ownership of the title of the owner of the property, the magistrate before whom the information is laid, or who examines the charge against the person accused of stealing or embezzling the property, may order it to be delivered to the owner on his paying the reasonable and necessary expenses incurred in its preservation, to be certified by the magistrate. The order entitles the owner to demand and receive the property.
And, 22 O.S.1981, § 1323 states:
If property stolen or embezzled have not been delivered to the owner, the court before which a trial is had for stealing or embezzling it, may, on proof of his title, order it to be restored to the owner.

 Whether a claim is barred by § 95 Third is a question of fact to be determined from the evidence in each case. *American Insurance Union v. Jones*, 135 Okla. 101, 274 P. 478, 479 (1929). The pivotal question in the instant case is at what point in time did Weaver's claim of ownership and right to possession of stolen property accrue for purposes of § 95 Third.

Weaver contends that his claim for recovery of the stolen tractor did not accrue until its whereabouts were known to him or until it was returned to the vicinity from which it was stolen, that is, until it was returned to Osage County, relying upon *Vaught v. Gatlin*, 31 Okla. 394, 120 P. 273 (1911) and *Adams v. Coon*, 36 Okla. 644, 129 P. 851 (1913). Weaver also asserts an alternative argument that his claim did not accrue until he could first maintain an action to a successful conclusion, relying upon *Broadwell v. Board of County Commissioners of Bryan County*, 88 Okl. 147, 211 P. 1040 (1922). Casey responds that the true owner of stolen property is prevented from recovery of the property if the stolen property is purchased in good faith in the ordinary course of business and held by the good faith purchaser, without concealment, for a period of more than two years, relying upon *Burroughs Adding Machine v. Bivens–Corhn Co.*, 189 Okl. 616, 119 P.2d 58 (1941) and *Riesinger's Jewelers, Inc. v. Roberson*, 582 P.2d 409 (Okla.App.1978). And, Amicus Curiae, Oklahoma Farm Bureau, in favor of the Appellant Weaver, urges that the replevin cases cited by the parties are not applicable to the subject matter of this action, ownership of the stolen tractor. Amicus Curiae contends that these cases which examine the acts of good faith purchasers for value to determine the limitations issue are not controlling; that a claim of ownership of stolen property should be determined under the law controlling property rights; and, that the statute of limitations does not operate to divest a true owner of his property without his consent.

 We agree with Weaver's assertions that his claim cannot accrue until he could first maintain an action to successful conclusion. The essence of this assertion is that identity of the defendant is an essential element to any cause of action. And, restating Weaver's contention that his claim did not accrue until the tractor was returned to the vicinity, we agree that he could not maintain an action until he knew or, in the exercise of diligence, should have known of the whereabouts of the stolen tractor. The plaintiff in an action to recover the possession of specific personal property must allege facts which show that the property has been wrongfully detained by the defendant. 12 O.S.1981, § 1571. An action of replevin can only be maintained against one who is in actual or constructive possession of the wrongfully detained property. *Fletcher v. Bank of Meeker*, 376 P.2d 263 (Okla.1962) and *General Finance Corporation v. Jackson*, 296 P.2d 141, 145 (Okla.1956).

This jurisdiction defines a "cause of action" in relation to the transaction. In *Retherford v. Halliburton Company*, 572 P.2d 966 (Okla.1978), by dicta, we explained the elusive meaning of "cause of action":

> A cause of action is a legal concept which has no separate existence in the natural order of things. It is what the makers of legal policy, the Legislature and the courts, say it is. It exists to satisfy the needs of plaintiffs for a means of redress, of defendants for a conceptual context within which to defend an accusation, and of the courts for a framework within which to administer justice. (*Retherford v. Halliburton*, 572 P.2d at 968.)

In addition to a civil action for replevin of property, the legislature in § 1321, et seq., has created a judicial framework for the return stolen property to the rightful owners.[3] The replevin remedy and the § 1321

---

**3.** In 1988, § 1321 was substantially amended by the Legislature. It now includes procedural requirements for notice and hearing to determine ownership of property in the custody of local or state law enforcement. Two most notable changes are: 1) that an owner may initiate the proceeding by filing an application for return of property, and 2) that the Legislature expressly states that the § 1321 proceeding is a due process hearing to establish ownership. See 1988

remedy exist for the vindication of substantive rights of property owners. Commencement of the two-year limitation period in § 95 Third from the time of the wrongful taking, the transaction from which the replevin action arose, in our early replevin case law does not afford meaningful judicial redress to plaintiffs who have been wrongfully deprived of their property.

Our early common law replevin rules recognize that whether an action has accrued and whether the limitation period has been tolled are questions of facts. These early rules are that the limitation period begins to run from the time of the wrongful taking or possession unless the property is concealed by the thief, *Adams v. Coon*, 36 Okl. 644, 129 P. 851, 852 (1913); the limitation period does not begin to run where the thief has removed or concealed the property so as to prevent the owner from locating and recovering it, *Shelby v. Shaner*, 28 Okl. 605, 115 P. 785, 786 (1911); the limitation period runs from the purchase of the stolen property by an innocent purchaser for value, even if the thief had concealed the property, *Vaught v. Gatlin*, 31 Okl. 394, 120 P. 273, 275 (1911); the limitation period continues to run if the property is openly and notoriously held so that the owner may have reasonable opportunity to know of its whereabouts, *Chilton v. Carpenter*, 78 Okl. 210, 189 P. 747, 749 (1920); and, the limitation period runs in favor of the adverse possessor of personal property, although stolen, when held in good faith for value, openly and notoriously, *Burroughs Adding Machine Co. v. Bivens-Corhn Co.*, 189 Okl. 616, 119 P.2d 58 (1941).

■ Our early decisional law looked to evidence of the acts of the innocent purchaser as an adverse possessor of property to determine whether the statute of limitations barred recovery of the property by the rightful owner. This evidentiary test was applied in replevin actions to recover stolen property, similar to actions to obtain title to real property by prescription. In an action for title of real property by prescription, the plaintiff has occupied the real property adverse to the defendant who is presumed to know the location of his/her real property. The parties are not similarly aligned in a replevin action by the owner of stolen property against a good faith purchaser. There is no presumption that the plaintiff knew the whereabouts of the stolen property. And, open and notorious holding ascribes to the purchaser intent to hold the property adverse to the true owner thereby defeating the good faith status of the purchaser. Further, these early replevin cases did not recognize the modern right/remedy dicotomy of statutory time bars. Both the ordinary statute of limitations of actions and the substantive statutes of limitations were considered statutes of repose. *Adams v. Coon*, 129 P. at 853 and *Reynolds v. Porter*, 760 P.2d 816, 819–820, (Okla.1988).

■ Modern jurisprudence distinguishes between statutes of limitation and statutes of repose. A statute of limitations is a procedural statute designed to punish those who sleep on their rights; it merely extinguishes the remedial right of a plaintiff to maintain an action after lapse of the limitation period which runs from the time the action accrues. A statute of repose, on the other hand, without regard to the diligence of the plaintiff, extinguishes the substantive right for which judicial redress may be sought in a cause of action upon the lapse of the limitation period, whether or not the cause of action has accrued. *Reynolds v. Porter*, 760 P.2d at p. 820.

■ Modern jurisprudence does not recognize our general statute of limitations, § 95, as a statute of repose. The ordinary statute of limitations will not prevent the vindication of a right, without consent or notice, until such time as the person knows, or in the exercise of due diligence, should

Okla.Sess.Laws, ch. 178, § 1. Also, in 1989 Okla.Sess.Laws, ch. 348, § 18, § 1321 was again amended adding a requirement that the application for return be prescribed and provided by the administrator of the court.

The present version of § 1321 establishes notice and hearing similar to the seizure and forfeiture proceedings in 21 O.S.Supp.1989, § 1738 and 47 O.S.Supp.1989, § 1505.

have known that the right existed. *Olansen v. Texaco Inc.*, 587 P.2d 976, 985 (Okla.1978). Decisional authority settling limitations issues upon the rationale that our general statute of limitations is a statute of repose has been superseded by modern jurisprudence. We hold that the *Adams v. Coon*, *Vaught v. Gatlin* and *Burroughs Adding Machine Co. v. Bivens–Corhn Co.* line of cases,[4] treating our general statute of limitations as a statute of repose and deciding the affirmative defense that the claim is time-barred upon proof of non-concealment of the property by the innocent purchaser is no longer valid authority for determining whether a replevin action or claim for recovery of stolen property is time-barred under § 95.

Expressed in terms of the early statute applicable to a replevin action, that the limitation period does not run while the stolen property is outside of the county, Weaver contends that knowledge of the whereabouts of his stolen tractor is not imputed to him until it is returned to Osage county. Therefore, Weaver asserts that his claim accrued when, in the exercise of due diligence, he first could have identified a person to name as a defendant in a judicial proceeding to allege his right to recover possession of the tractor, or as in this case, when the tractor was recovered by law enforcement. Implicit in this argument is the assertion that a discovery test is appropriate for determining the limitation period within which a claim of ownership and right of possession of stolen property may be maintained within the judicial framework in § 1321, et seq.

Within the context of our transactional definition of "cause of action", the time limitation for filing an *ex delicto* claim is determined from the time the injury could have been discovered. The common law discovery rule is applicable to situations where the injury is unknown at the time of the wrongful transaction. The discovery rule allows limitations in tort cases to be tolled until the injured party knows or, in the exercise of due diligence, should have known of the injury. *Reynolds v. Porter*, 760 P.2d at 820, n. 8. The discovery rule has been applied for determining the time limitation period in actions for products liability, *Daugherty v. Farmers Cooperative Association*, 689 P.2d 947 (Okla.1984); medical malpractice, *McCarroll v. Doctors General Hospital*, 664 P.2d 382 (Okla.1983); cumulative injury in workers' compensation, *Eaton v. Van Noy Drilling*, 637 P.2d 1249 (Okla.1981); and, damage to real property, *Harper–Turner Oil Company v. Bridge*, 311 P.2d 947 (Okla.1957).

Application of a discovery test to determine whether the owner of stolen property could have discovered its whereabouts is consistent with our modern tort "discovery of injury rule". The discovery rule tests the evidence for lack of diligence by the injured party to discover the injury. Similarly, the diligence of the true owner of stolen property to recover the property should be tested. The burden of proof that an action or claim is time-barred is upon the party asserting the defense. *Harper–Turner Oil Company v. Bridge*, 311 P.2d 947, 949 (Okla.1957). A discovery test would require a purchaser of stolen proper-

---

4. *Vaught v. Gatlin* was a replevin action to recover a span of mules that allegedly had been stolen from plaintiff. In *Vaught*, the applicable statute of limitations expressly provided that *leaving the county* prevented commencement of an action for recovery of or injury to property. The present version of § 95, followed herein by the courts below, does not include this express language.

Similar to *Vaught*, other early replevin actions were between private persons for the recovery of stolen property and were held barred by the statute of limitations: *Adams v. Coon*, a replevin action to recover a horse that had been either lost or stolen for more than eight years;

*Burroughs Adding Machine v. Bivens–Corhn Co.*, the replevin of an allegedly stolen typewriter, held openly by a good faith purchaser for five years; *Reynolds v. Bagwell*, 200 Okl. 550, 198 P.2d 215 (1948), the replevin of a violin discovered six years after the alleged theft; and, the action for damages in conversion, in *Williams v. Harper Brothers Automobile Dealers*, 276 P.2d 217 (Okla.1954), where the identification number on the stolen automobile had been obliterated and replaced by another and an agent of the National Automobile Theft Bureau located and identified the automobile as that stolen from plaintiff three and a half years earlier.

ty for value, or even a thief, to bring forth evidence that the owner had an opportunity to know of the possession of the property by another and demand its return before the lapse of time will bar the true owner's claim to recover the property. Such a rule protects this state from becoming a market place for stolen goods.

 Further, a discovery test is compelled by the legal principle that one cannot be deprived of ownership and right of possession of property without consent. General principles applicable to ownership and right of possession of stolen property are that ownership remains with the legal owner, as a matter of law, if the original taking was without consent of the owner, under such circumstances as constituted larceny, and the property continues to be stolen until it is returned to the dominion and control of the legal owner, *Howard v. State,* 9 Okl.Cr. 720, 131 P. 1100 (1913) and *Booth v. State,* 398 P.2d 863 (Okla.Cr. 1964); that the mere possession without evidence of property rights or authority to sell consented to by the true owner does not allow the possessor to transfer good title, *Al's Auto Sales v. Moskowitz,* 203 Okla. 611, 224 P.2d 588 (1950); and, that a thief cannot transfer better title than he

has, that is, a bona fide purchaser from a thief gets nothing, *Adkisson v. Waitman,* 202 Okl. 309, 213 P.2d 465 (1949). Accord, *Snethen v. Oklahoma State Union of the Farmers Educational and Co-operative Union of America,* 664 P.2d 377 (Okla. 1982) and *Wolfe v. Faulkner,* 628 P.2d 700 (Okla.1981). These principles of personal property law are incorporated into the Uniform Commercial Code [5] and they are consistent with the recent amendments to § 1321.

Application of a discovery test to determine the limitation period for recovery of stolen property by the true owner is also consistent with the doctrines of laches and estoppel. In *Snethen v. Oklahoma State Union of the Farmers Educational and Co-operative Union of America,* we held that a good faith purchaser in the ordinary course of business obtained an insurable interest in stolen property purchased. In so holding, we said:

> It is a general rule that no one can confer or transfer a better title than that which he has, unless some principle of estoppel should operate to bar an otherwise superior claim. Neither can a person be divested of his property without his consent. While a good-faith purchaser under a defective title cannot hold

---

5. Title 12A O.S.1981, § 2–403, captioned "Power to Transfer; Good Faith Purchase of Goods; 'Entrusting'" at § 2–403(1) states that "A purchaser of goods acquires all title which his transferor had or had power to transfer...." (Emphasis added.) Section 2–403(1)(d) distinguishes between property obtained by theft and property obtained by false pretense, deceit, trick or fraud. Section 2–403(1)(d) provides that a person with voidable title has power to transfer good title to a good faith purchaser for value where the property was delivered under a transaction of purchase procured through fraud. The Oklahoma Code Comment to § 2–403 cites both *Adkisson* and *Al's Auto Sales v. Moskowitz* as previous Oklahoma law with which the section is in accord. The Comment proceeds to explain that a purchaser for value from a person guilty of larceny obtains good title under § 2–403 only when the offense at common law was "obtaining property by false pretense" in which the victim intended to pass title. Under the circumstances in the case at bar, Section 2–403 operates to prevent transfer of title to stolen property to any of the purchasers in this case.

Title 12A O.S.1981, § 7–503, captioned "Document of Title to Goods Defeated in Certain Cases", states in part, "(1) A document of title confers no right in goods against a person who before issuance of the document had a legal interest in or a perfected' security interest in them and who neither (a) delivered or entrusted them ...; nor (b) acquiesced in the procurement...." The Oklahoma Code Comment explains that "(1) This section preserves the rights of the owner of goods which have been stolen and placed in the hands of a bailee, or the rights of a security holder." And, § 9–504, captioned "Secured Party's Right to Dispose of Collateral After Default; Effect of Disposition", specifically provides that disposition, sale of the collateral after default, transfers to a purchaser for value all the debtor's rights therein, discharges the security interest of the seller and subordinate security interest liens. In this cause, there is some proof of a § 9–504 sale by Pawnee National Bank to Dennis Equipment. There is no proof of the authority of the debtor to give the bank a security interest in the stolen tractor, nor of any notice given prior to the sale. There is proof that Weaver had no knowledge of the bank debtor's possession of the tractor, the bank's security interest, nor the bank's sale.

against the true owner, he does have lawful possession against all the rest of the world. He is said to have a "qualified possessory right" in the property. (*Snethen,* 664 P.2d at 381.)

It is established that the two-year limitation period in § 95 Third will commence to run when the claim accrues, and the claim accrues when a litigant first could have maintained his claim to a successful conclusion. *Sherwood Forest No. 2 Corp. v. City of Norman,* 632 P.2d 368, 370 (Okla.1980). Judicial redress of an owner's claim for return of the stolen property cannot be had under § 1321 until the property is recovered by law enforcement. Thus, a claim for recovery of stolen property cannot accrue until the whereabouts of the property is known or, in the exercise of due diligence, could have been known and demand could have been made upon law enforcement to recover the stolen property. Similarly, a private replevin action for the recovery of stolen property cannot accrue if the owner cannot identify the person in possession of the stolen property, that is, if the owner does not know or, in the exercise of due diligence, cannot discover the whereabouts of the stolen property.

Weaver's legal ownership of the subject tractor at the time of the theft in 1978 is not disputed. It is conclusively established by the evidence in the trial record. Weaver's timely reporting of the theft, the subsequent law enforcement investigations, and Weaver's lack of knowledge of the whereabouts of the tractor are not challenged. Likewise, Casey's purchase of the stolen tractor for value in the ordinary course of his seller's business and Casey's possession of the tractor for more than two years are not disputed. Nor is Casey's good faith purchase and possession of the tractor challenged. There is proof that Casey's seller, Dennis Equipment, had the capacity to discover the tractor was listed with N.C.I.C. as stolen. However, there is no evidence in the record regarding Weaver's opportunity to locate and demand return of the tractor.

Casey's showing that he did not intentionally conceal the stolen tractor is not sufficient to support his affirmative defense that Weaver's claim of ownership and right to possession is time-barred. Evidence tending to establish that the stolen tractor was sold by a lienholder and again sold in the ordinary course of business is not sufficient to establish that either sale transferred good title as against Weaver's superior title. Casey, as a good-faith purchaser for value, acquired a lawful interest under defective title, a qualified possessory right, to the stolen 1973 John Deere tractor. Until Weaver knew or, in the exercise of diligence, could have known the whereabouts of his stolen tractor, his claim did not accrue and his ownership rights cannot be defeated.

This case presents compelling equities in favor of each claimant, Weaver, the innocent theft victim, and Casey, an innocent purchaser. In view of these equities and our holding that our early replevin statute of limitations law has been superceded and is no longer controlling, this case must be remanded for further evidentiary proceedings on the issue of the limitations defense. On remand the trial court is directed to consider further pleadings and evidence, if any, which the parties may properly present to establish a point in time, prior to the recovery of the stolen tractor by law enforcement, when Weaver first knew or, in the exercise of due diligence, should have known the whereabouts of his stolen tractor. However, neither mere lapse of time nor non-concealment will protect the good faith purchaser of stolen property against the established claim of ownership and right of possession of the true owner and, under such circumstances, any claim of economic interest loss by Casey as a good faith purchaser in the ordinary course of business must be asserted against his transferor.

OPINION OF THE COURT OF APPEALS IS VACATED; JUDGMENT OF THE TRIAL COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

HODGES, V.C.J., and DOOLIN, HARGRAVE and SUMMERS, JJ., concur.

OPALA, C.J., and KAUGER, J., concur in part, dissent in part.

LAVENDER and SIMMS, JJ., dissent.