73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee
v.
Charles Michael KISSICK, Defendant-Appellant.
 No. 95-6227.
 United States Court of Appeals, Tenth Circuit.
 Dec. 27, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument. For the reasons set forth below, we affirm the decision of the district court.
 
 
 2
 On November 2, 1988, defendant-appellant Charles Michael Kissick was arrested for distributing cocaine. At the time of his arrest, Oklahoma City police detectives took from him a pager and $96.00 in cash. These items were booked into the Oklahoma City Police Department's property room.
 
 
 3
 Subsequently, Mr. Kissick was charged with federal drug offenses, convicted after a jury trial, and sentenced to 328 months imprisonment. This court affirmed Mr. Kissick's conviction and sentence on appeal. See United States v. Kissick, No. 89-6143 (10th Cir. May 30, 1990). Mr. Kissick then filed a motion to vacate his sentence under 28 U.S.C. 2255. The district court denied Mr. Kissick's motion, but this court vacated the district court's order and remanded the case for further proceedings. See United States v. Kissick, No. 95-6055, 1995 WL 448712 (10th Cir. Nov. 6, 1995).
 
 
 4
 On March 1, 1995, Mr. Kissick filed "Plaintiff's Motion for Recovery of Property or Summary Judgement," which is the subject of this appeal. He named the United States as the defendant and asserted that although his pager and an address book were returned to him after the trial, he had not received his $96.00. Mr. Kissick attached no evidentiary materials in support of his motion.
 
 
 5
 In response to Mr. Kissick's motion, the United States asserted that it had never possessed Mr. Kissick's money. The United States submitted a report from the Oklahoma City Police Department indicating that Mr. Kissick's property, including the $96.00, had been booked into the Department's property room at the time of his arrest. Rec. doc. 153, ex. A. Relying on the government's response, the district court denied Mr. Kissick's motion, reasoning that "it appears that the United States has neither seized nor is it in possession of any property now or previously belonging to [Mr. Kissick]." Rec. doc. 154.
 
 
 6
 On appeal, Mr. Kissick argues that he was informed in person that the Oklahoma City Police Department forfeited his $96.00 but that he never received any formal notice of the forfeiture proceedings. He also maintains that because the United States prosecuted the criminal case against him renders it liable for the Oklahoma City Police Department's failure to return the $96.00 to him.
 
 
 7
 We construe Mr. Kissick's motion for return of property as a conversion action seeking replevin of the $96.00 from the United States. "An action of replevin can only be maintained against one who is in actual or constructive possession of the wrongfully detained property." In re 1973 John Deere 4030 Tractor, 816 P.2d 1126, 1130 (Okla.1991). Mr. Kissick has identified no evidence in the record indicating that the United States actually or constructively possessed the $96.[2]
 
 
 8
 Accordingly, the district court's order denying "Plaintiff's Motion for Return of Property or Summary Judgement" is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 There is also no indication in the record that Mr. Kissick complied with the requirements of the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680, before filing his motion for return of property. See Mac'Avoy v. The Smithsonian Inst., 757 F.Supp. 60, 67-68 (D.D.C.1991) (FTCA requirements apply to replevin action against federal agency.); Totaro v. Lyons, 498 F.Supp. 621, 627-28 (D.Md.1980) (same). However, because the lack of evidence that the United States ever possessed the $96.00 supports the district court's decision, we need not address this issue