2009 OK CIV APP 56

**Jana ROBINSON, Plaintiff/Appellee,**

v.

**Herman CLARK, Defendant/Appellant.**

**No. 104,734.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 17, 2009.

Certiorari Denied June 15, 2009.

Approved for Publication by Order of the Supreme Court June 25, 2009.

Gaylon C. Hayes, Hayes and Hollingsworth, PC, Oklahoma City, OK, for Plaintiff/Appellee

Herman Clark, Lexington, OK, Pro Se, Appellant.

JOHN F. FISCHER, Judge.

¶ 1 Appellant Herman Clark seeks reversal of a district court order granting judgment in favor of Appellee Jana Robinson. Based on our review of the record on appeal and applicable law, we reverse.

## BACKGROUND FACTS

¶ 2 On January 6, 1975, Clark and another robbed the bank in Gould, Oklahoma, kidnaped Robinson and Wanda Master, and took them to a remote location where they killed Master and shot Robinson twice in the face. On October 31, 1975, Clark was sentenced to death for the murder of Master. That sentence was subsequently modified to a life sentence. He is currently incarcerated for that crime.

¶ 3 Robinson sued Clark on November 3, 2005, for assault, battery and intentional infliction of emotional distress. After bench trial on April 26, 2007, Robinson was awarded a judgment against Clark in the amount of $2,000,000.

¶ 4 The dispositive issue in this appeal is whether Robinson's action is barred by the applicable statute of limitations. We find that it is.

## STANDARD OF REVIEW

¶ 5 "This case presents no questions of disputed fact and as a result the appeal addresses only questions of law.... The appellate court will exercise its 'plenary, independent, and non-deferential authority [when] reexamin[ing] a trial court's legal rul-

ings.'" *Rivas v. Parkland Manor*, 2000 OK 68, ¶ 6, *12 P.3d 452*, 455 (quoting *Spielmann v. Hayes*, 2000 OK CIV APP 44, ¶ 8, 3 P.3d 711, 713).

## DISCUSSION

¶ 6 Both parties recognize that 12 O.S. Supp.2008 § 95(A)(4) provides the limitation period applicable to Robinson's assault and battery action: [1]

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

. . .

4. Within one (1) year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation.

Section 95 "is an ordinary statute of limitations specifying time periods within which civil actions ... may be maintained." *In re: 1973 John Deere 4030 Tractor*, 1991 OK 79, ¶ 5, 816 P.2d 1126, 1129. Pursuant to this section, Robinson was required to file her claim against Clark within one year of the crimes he committed in 1975. "After the statutory time period lapses, the remedy for the accrued causes of action is extinguished." *Samuel Roberts Noble Found., Inc. v. Vick*, 1992 OK 140, ¶ 19, 840 P.2d 619, 624 (citing *Reynolds v. Porter*, 1988 OK 88, n. 9, 760 P.2d 816, 820 n. 9). Robinson filed her petition in 2005, well beyond the time permitted by this statute.

¶ 7 However, a defense based on the statute of limitations may be tolled or waived. *Estate of Speake*, 1987 OK 61, ¶ 13, 743 P.2d 648, 652 ("Ordinary limitations may be tolled and, unless affirmatively pleaded, the time bar is deemed waived."). Robinson does not argue that she was under a legal disability such that the applicable statute was

---

1. Although the two-year limitations period provided by 12 O.S. Supp.2008 § 95(A)(3) would appear to apply to Robinson's intentional infliction claim, neither party raises that issue, and, for the reasons discussed in this opinion, our application of the longer statute would not change our analysis or the result.

tolled until after she filed her claim in 2005.[2] Nonetheless, "[t]he bar of the statute of limitations is an affirmative defense." 12 O.S. 2001 § 2008(C)(18). "The burden is on a defendant to prove that a plaintiff's action is barred by the applicable statute of limitations." *Moneypenney v. Dawson*, 2006 OK 53, ¶ 2, 141 P.3d 549, 551 (citing *Harper-Turner Oil Co. v. Bridge*, 1957 OK 124, ¶ 5, 311 P.2d 947, 949). Clark styled his initial pleading as a motion to dismiss and answer. In that pleading, Clark asserts the statute of limitations as a defense. Likewise, the district court's denial of Clark's statute of limitations defense is his first assignment of error in his petition in error, and is also argued in his brief in chief. Consequently, Clark has preserved that issue for appellate review.

¶ 8 In support of her argument that the statute of limitations does not bar her claim, Robinson relies on 12 O.S. Supp.2008 § 95(A)(7):

7. An action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of criminal actions, as defined by the Oklahoma Statutes, may be brought against any person incarcerated or under the supervision of a state, federal or local correctional facility on or after November 1, 2003:

a. at any time during the incarceration of the offender for the offense on which the action is based, or

b. within five (5) years after the perpetrator is released from the custody of a state, federal or local correctional facility, if the defendant was serving time for the offense on which the action is based....

This provision became effective on May 10, 2005. Robinson argues that this legislation was authorized by a 1996 amendment to Article II of the Oklahoma Constitution:

§ 34. Rights of Victims.

A. To preserve and protect the rights of victims to justice and due process, and ensure that victims are treated with fairness, respect and dignity, and are free from intimidation, harassment, or abuse, throughout the criminal justice process, any victim or family member of a victim of a crime has the right to know the status of the investigation and prosecution of the criminal case, including all proceedings wherein a disposition of a case is likely to occur, and where plea negotiations may occur. The victim or family member of a victim of a crime has the right to know the location of the defendant following an arrest, during a prosecution of the criminal case, during a sentence to probation or confinement, and when there is any release or escape of the defendant from confinement. The victim or family member of a victim of a crime has a right to be present at any proceeding where the defendant has a right to be present, to be heard at any sentencing or parole hearing, to be awarded restitution by the convicted person for damages or losses as determined and ordered by the court, and to be informed by the state of the constitutional rights of the victim.

. . .

C. The Legislature, or the people by initiative or referendum, has the authority to enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims by this section....

Okla. Const. art. 2, § 34. As Robinson interprets these provisions, her suit against Clark is not barred because he is currently in the custody of the Oklahoma Department of Corrections. Clark challenges this interpretation on various grounds. For the reasons discussed *post*, we need not consider these various arguments and may assume, for purposes of this appeal, that section 95(A)(7) tolls the statute of limitations for intentional injury claims based on criminal conduct committed by incarcerated defendants for the duration of their incarceration and for five years thereafter.

---

**2.** As a result of her horrific injuries, it is obvious that Robinson suffered from the kind of disability recognized as tolling the statute of limitations for some period of time. *See* 12 O.S.2001 § 96: "If a person entitled to bring an action ... be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed." It is also not disputed that she sufficiently recovered from those injuries to maintain this action at some time more than a year prior to her filing her petition in this case in November 2005.

¶ 9 The question to be resolved in this appeal is whether the 2005 amendment to section 95 reinstated Robinson's remedy for the damages caused by Clark. Title 12 O.S. Supp.2008 § 95 "operates to extinguish the remedy rather than the substantive right claimed." *In re: 1973 John Deere 4030 Tractor,* 1991 OK 79 at ¶ 5, 816 P.2d at 1129 (citations omitted). A statute of limitations is procedural rather than substantive and may, therefore, be applied retroactively as a general rule. *Trinity Broadcasting Corp. v. Leeco Oil Co.,* 1984 OK 80, ¶ 8, 692 P.2d 1364, 1366. However, there are constitutional limitations on this general rule. "The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this State." Okla. Const. art 5, § 52. The determining factor, therefore, is whether the claim exists at the time a statute of limitations is extended. *Mires v. Hogan,* 1920 OK 308, 192 P. 811, is directly on point: "If [a plaintiff's] right to recover ... was barred by the statute of limitations of two years prior to the taking effect of the amendatory act ... it is still barred." *Id.* at ¶ 9, 192 P. at 818.

¶ 10 *Trinity Broadcasting* involved a statute of limitations defense based on an amendment to 71 O.S. § 408(e) (repealed 2003), which extended the time for filing antifraud and failure-to-register claims brought pursuant to the Oklahoma Securities Act from two to three years. The statute was procedural because it specified an applicable limitations period. Consequently, the Court held that the statute "may be applied to pre-existing causes of action not barred at the time of its passage." *Trinity Broadcasting,* 1984 OK 80 at ¶ 7, 692 P.2d at 1366. In *Trinity Broadcasting,* the plaintiff's claim was not barred before the three year amendment became effective, consequently the defendant had no vested right in the two-year statute of limitations. The amended three-year version of the statute was "a mere procedural change in the enforcement of Trinity's claim." *Id.* at ¶ 8, 692 P.2d at 1367. We are not today confronted with the same case. As we have previously discussed, Rob-

inson's remedy for the crimes committed by Clark was extinguished in 1976, before the 2005 amendment to 12 O.S. Supp.2008 § 95. Oklahoma Constitution, art 5, § 52 prevents a construction of section 95(A)(7) that would revive Robinson's claim.[3]

### CONCLUSION

¶ 11 Robinson filed her claim against Clark after the limitations period applicable to that claim had expired. Consequently, the subsequently enacted extension of that limitations period cannot be construed to revive her remedy for the damages caused by Clark. Clark's motion to dismiss asserting the statute of limitations as a bar to this action should have been granted. The judgment in favor of Robinson is vacated and this case is remanded for further proceedings consistent with this Opinion.

¶ 12 **JUDGMENT VACATED AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

GABBARD, P.J., and RAPP, J., concur.

---

**3.** Regarding questions of statutory construction, this Court will avoid an interpretation that questions the constitutionality of the legislation. *Fent v. Oklahoma Capitol Improvement Authority,* 1999 OK 64, ¶ 3, 984 P.2d 200, 204.