FOUNDING CHURCH OF SCIENTOLOGY OF WASHINGTON, D. C., Plaintiff-Appellant, *v.* AMERICAN MEDICAL ASSOCIATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 77-561

Opinion filed May 17, 1978.

Brizius & Nixon, of Chicago (Charles W. Nixon, of counsel), for appellant.

Richard J. Phelan, Michael A. Pope, and Roseann Oliver, all of Chicago (Phelan & Pope and Sidley & Austin, of counsel), for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

The core of this case is the applicability of the statute of limitations (Ill. Rev. Stat. 1975, ch. 83, par. 14) and the Uniform Single Publication Act (Ill. Rev. Stat. 1975, ch. 126, par. 11) to a complaint alleging libel.

On December 29, 1975, the plaintiff, the Founding Church of Scientology of Washington D. C. (FCS) filed a three-count complaint for libel against the defendants, American Medical Association of Illinois (AMA), Frank Campion, the AMA's director of communications, and Ralph Smith, the author of the article, "Scientology—Menace to Mental Health," which appeared in the December 1968 issue of the AMA's monthly magazine, "Today's Health."

Counts I and II of the complaint alleged that the article was defamatory and libelous, and that after the article appeared in print in December 1968, Campion and the AMA caused reprints and copies of the article to be delivered, distributed and published to three named persons with various newspapers on the east coast, as well as throughout the United States "within the past year." In their first count, the FCS claimed actual and punitive damages for injuries to its reputation and ability to function, while the second count sought actual and punitive damages on account of malicious, intentional and willful interference with "plaintiff's contractual relationships with its members and prospective members."

The trial judge granted the defendants' motion to strike and dismissed

count I with prejudice. He also granted a similar motion with respect to count II, but allowed FCS leave to file an amended count. On January 24, 1977, after again hearing argument and receiving the proposed amended count II as well as a proposed amended count I, the trial judge denied the FCS's petition to vacate and for leave to file an amended complaint on both counts, and dismissed the entire cause with prejudice.

On appeal, the FCS contends that (i) the libel count, count I, was not barred by the statute of limitations, (ii) the article was not absolutely privileged under the first amendment, (iii) the article was in fact defamatory, and (iv) count II properly alleged a cause of action for the tort of interfering with contractual relationships. Because the FCS is incorrect in asserting that the first count of its complaint was not barred by the statute of limitations, it is unnecessary to discuss the merits of its substantive second and third contentions on that count. In addition, we must reject the FCS's argument that its count II stated a proper cause of action.

The relevant statute of limitations provides:

> "Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." (Ill. Rev. Stat. 1975, ch. 83, par. 14.)

Also in point here is the so-called single publication rule, which has been codified in this State in the Uniform Single Publication Act:

> "No person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one edition of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture. Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions." (Ill. Rev. Stat. 1975, ch. 126, par. 11.)

Considered together, these two statutes preclude the FCS's first count claim for libel.

■■ Under the Uniform Single Publication Act, no person is given more than one cause of action for damages for libel founded on any single publication, such as one edition of a newspaper or magazine, or one printing of a book. The rationale for the statute is that the cause of action for libel is complete at the time of the first publication, and any subsequent appearances or distributions of copies of the original publication are of no consequence to the creation or existence of a cause of action, but are only relevant in computing damages. (*Insull v. New York World-Telegram Corp.* (7th Cir. 1959), 273 F.2d 166.) Thus, the subsequent distribution of existing copies of an original publication

neither creates a fresh cause of action nor tolls the applicable statute of limitations. As the court stated in *Winrod v. Time, Inc.* (1948), 334 Ill. App. 59, 72, 78 N.E.2d 708:

> "[T]he release of miscellaneous copies incidental to the general publication either through the mail or on newsstands does not constitute a new publication or create a new cause of action * * *. The interval of time or a separate sale should not be the sole determining factor whether the article is a republication or a repetition of the defamatory material * * * [I]n the case of a newspaper or magazine 'no *conscious* intent arises until the defendant *consciously* as a second edition republishes the article.' "

Here, the allegedly defamatory article was published generally and released in 1968. Neither the FCS's original charge, nor its amended complaint that a "reprint" of the article was distributed to three journalists, and other unnamed individuals, were sufficient to give rise to a new cause of action in 1975, or, under *Insull* and *Winrod*, could be considered to constitute a second edition or new publication in 1975. The three copies released by Campion in 1975 were mailed on an isolated basis and were nothing more than miscellaneous copies incidental to the general publication of the article 7 years earlier. To conclude otherwise and consider them a "republication," would cause havoc with the law of libel and expose a publisher or author to a lawsuit years after his article had first been published simply because he or someone else chose to xerox a copy or two and mail the photocopy to a friend or, for example, to a magazine as part of a letter to an editor. Exposing the author or publisher to a libel suit in such an instance would be particularly unjust as well as unrealistic because the article in question might well be on file in libraries, and so open to the public anyway.

■■ Accordingly, because the copies mailed 7 years after the original publication did not constitute a "republication" giving rise to a new cause of action for libel, the statute of limitations began to run at the time of the original publication in December 1968. The time for bringing this suit expired 1 year later, and the FCS's first count alleging libel is barred by Illinois' statute of limitations on libel. Ill. Rev. Stat. 1975, ch. 83, par. 14.

■■■ We also uphold the judgment dismissing the second count of the complaint. While the complaint alleged that the defendants' article interfered with, and caused termination of, FCS's contractual relationship with its actual and prospective members, the complaint set forth no statements indicating what contract deserving of legal protection was involved. A complaint which fails to allege sufficient facts to show the plaintiff is entitled to recovery does not state a cause of action, and such a deficiency may not be remedied by liberal construction or by argument. (Ill. Rev. Stat. 1975, ch. 110, par. 31; *Fanning v. LeMay* (1967), 38 Ill. 2d

209, 230 N.E.2d 182.) And, although a complaint need not contain evidentiary matter or allege facts precisely, it must have enough nonconclusory factual allegations to demonstrate how the plaintiff has been harmed, and that the harm resulted from some violation of a legal duty by the defendant. (*B. L. Cartage Co. v. City of Chicago* (1976), 35 Ill. App. 3d 1055, 342 N.E.2d 733.) In this case, the FCS's complaint, in failing to set forth what contracts and contractual rights may have been violated, fell short of meeting the standards which a pleader must comply with to properly apprise a defendant of the basis for the complaint against him. The trial judge did not err in dismissing count II of the FCS's complaint on the ground it failed to state a cause of action.

Judgment affirmed.

JIGANTI, P. J., and McNAMARA, J., concur.