# CORRECTED                [PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2005
THOMAS K. KAHN
CLERK

**No. 99-13730**

D. C. Docket No. 98-08054-CV-KLR

RICHARD WARNER,
MIRIAM WARNER, et al.,

               Plaintiffs-Appellants,

    versus

CITY OF BOCA RATON,

               Defendant-Appellee.

**Appeal from the United States District Court
for the Southern District of Florida**

(August 18, 2005)

**Before EDMONDSON, Chief Judge, and DUBINA,\* Circuit Judge.**

---

\*Due to the death of Honorable Henry A. Politz, United States Circuit Judge for the Fifth Circuit, on 15 December 2004, this decision is rendered by a quorum. 28 U.S.C. § 46(d).

PER CURIAM:

This case is a dispute about whether a city's ordinance restricting vertical grave decorations violates Plaintiffs' rights under state or federal law. The district court dismissed Plaintiffs' federal and state law claims at issue in this appeal. Declining to rule on the federal claims until we received some advice from the Florida Supreme Court on the state law claims, we certified two questions to Florida's highest court:

> (1) Does the Florida Religious Freedom Restoration Act broaden, and to what extent does it broaden, the definition of what constitutes religiously motivated conduct protected by law beyond the conduct considered protected by the decisions of the United States Supreme Court?
>
> (2) [Rephrased by the Florida Supreme Court]: Whether the City of Boca Raton Ordinance at issue in this case violates the Florida Religious Freedom Restoration Act (FRFRA)?

Warner v. City of Boca Raton, 267 F.3d 1223, 1227 (11th Cir. 2001); Warner v. City of Boca Raton, 887 So.2d 1023, 1024-25 (Fla. 2004). The Florida Supreme Court answered "yes" to the first question, and "no" to the second question. Warner, 887 So.2d at 1025. We now affirm the district court.

FRFRA requires any Florida law -- even a neutral law of general applicability -- to be subject to strict scrutiny if that law substantially burdens the free exercise of religion. See Fla. Stat. §§ 761.01 - .05 (2003); Warner, 887 So.2d at 1035-36. The Florida Supreme Court concluded that the city's ordinance did not substantially burden Plaintiffs' exercise of their religions, agreeing with the district court's reasoning on this point. Id. at 1035. Accordingly, Florida's high court determined that the city's ordinance did not violate FRFRA. Id. Thus, the Florida court engaged in no further analysis under the statute. Id. We affirm the district court's decision on that same basis. We also affirm the district court's decision that the city's ordinance violates no provision in Florida's constitution.

The Florida Supreme Court also concluded that FRFRA -- the state law at issue here -- "expands the scope of religious protection beyond the conduct considered protected by cases from the United States Supreme Court." Warner, 887 So.2d at 1035. So after hearing from Florida that the city's ordinance violates no state law, we independently conclude that Plaintiffs' claims under the federal Constitution must also fail. The Free Exercise claim fails because the ordinance is a neutral law of general applicability. See Employment Div., Dep't of Human Res. v. Smith, 110 S.Ct. 1595, 1598-1602 (1990). The Free Speech claim fails

3

because the ordinance is viewpoint neutral and reasonable.  <u>See</u> <u>Int'l Soc'y for Krishna Consciousness, Inc. v. Lee</u>, 112 S.Ct. 2701, 2705-06 (1992).[1]

**AFFIRMED.**

---

[1]We reject Plaintiffs' argument that cemeteries are public fora.  We are aware of no federal court that has concluded otherwise.