2011 OK 9

**Tyler WOODS, Plaintiff/Petitioner,**

v.

**PRESTWICK HOUSE, INC., Shenandoah Shakespeare Express, a/k/a American Shakespeare Center, Defendants/Respondents.**

**No. 108,541.**

Supreme Court of Oklahoma.

Feb. 8, 2011.

Maurice G. Woods, II, McAtee & Woods, PC, Oklahoma City, OK, for plaintiff/petitioner.

Geren T. Steiner, Drew T. Palmer, Crowe & Dunlevy, Oklahoma City, OK, for defendant/respondent, American Shakespeare Express a/k/a American Shakespeare Center.

Gary Peterson, Tomlinson & O'Connell, P.C., Oklahoma City, OK, for defendant/respondent, Prestwick House, Inc.

WATT, J.:

¶ 1 Title 12 O.S.2001 § 1449 [1] protects individuals from the unauthorized use of the person's name, voice, signature, photograph, or likeness. Two first impression questions are presented. The first involves the statute of limitations controlling the cause.

¶ 2 To be governed by the three-year statute of limitations for liabilities created by statute, the liability must be one that does

---

1. Title 12 O.S.2001 § 1449 providing in pertinent part:

"A. Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without such person's prior consent, or, in the case of minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof, and any profits from the unauthorized use that are attributable to the use shall be taken into account in computing the actual damages...."

not exist but for the statutory provision.[2] We adopted the concept of misappropriation of another's name or likeness as the tort of invasion of privacy long before the Legislature's enactment of 12 O.S.2001 § 1449. Therefore, we determine that causes of action arising under the statute are governed by 12 O.S. Supp.2009 § 95(A)(3)[3] providing for a two-year limitations period for an action for injury to the rights of another.

¶ 3 The second is:[4] whether the discovery rule may apply to toll the statute of limitations in a case of unauthorized use under 12 O.S.2001 § 1449? The rule is designed to allow limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury. Where applicable, the discovery rule tolls the limitations period until a plaintiff learns of an injury and, through prudent investigation, can obtain sufficient facts to state a cause of action.[5]

¶ 4 In making our determination on the first impression issue, *Digital Design Group, Inc. v. Information Builders, Inc.*, 2001 OK 21, 24 P.3d 834 is instructive. In *Digital,* we addressed whether the discovery rule could be utilized to determine when the one-year statute of limitations would begin to run on an action for libel. As here, the *Digital* defendant asserted that the limitations period commenced upon publication as a matter of law. Although the Court acknowledged the general rule that a libel action accrues on the date of publication, we adopted the discovery rule for application in matters where the publication is likely to be concealed from the plaintiff or published in a secretive manner making it unlikely to come to the injured party's attention.

¶ 5 We determine that the discovery rule may apply to toll the statute of limitations in a case of unauthorized use under 12 O.S.2001 § 1449[6] if the publication is likely to have been concealed or published in a secretive manner making it unlikely to come to the attention of the injured party. Application of the discovery rule to instances of unauthorized use is supported by *Digital Design* and our prior jurisprudence.[7]

¶ 6 Having resolved that the discovery rule may apply in cases of unauthorized use, it is also necessary to determine when Woods knew, or with reasonable diligence should have known, of the unauthorized use of his photograph. Although the facts surrounding the publication and distribution and the injury's discovery are not seriously disputed, the trier of fact must still determine when Woods knew or should have known of the injury.

### FACTS

¶ 7 Between November of 2001 and 2002, Woods was under contract with American Shakespeare Center for a theater tour. During his employment, he participated in a photo shoot to promote the tour, understanding that his picture would appear on posters, programs, and t-shirts sold at various per-

---

2. *Hough v. Hough,* see note 17, infra; *Smith Engineering Works v. Custer,* 1944 OK 211, ¶ 18, 151 P.2d 404.

3. Title 12 O.S. Supp.2009 § 95 providing in pertinent part:
 "A. Civil actions other than for the recovery of real property can only be brought, within the following periods, after the cause of action shall have accrued, and not afterwards:
 ... 2. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment;
 3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract ..."

4. Our determination that the discovery rule may apply to toll the statute of limitations makes it unnecessary to address the publishers' contention that we should adopt a single publication rule. The factual determination of whether Woods filed his cause of action within two years of having discovered the publication within the parameters of the rule will determine the timeliness of his suit.

5. *Digital Design Group, Inc. v. Information Builders, Inc.*, 2001 OK 21, ¶ 22, 24 P.3d 834; *Resolution Trust Corp. v. Grant,* 1995 OK 68, ¶ 8, 901 P.2d 807.

6. Title 12 O.S.2001 § 1449, see note 1, supra.

7. See, ¶¶ 25–26 and accompanying footnotes.

formances. Woods did not anticipate that his picture would appear on the cover of the publishers' book and first became aware of the images' appropriation in the summer of 2008, approximately six years after his contractual employment ended.

¶ 8 Woods was notified by a friend *via* the internet site, MySpace, that a teacher was utilizing a book in class carrying his photograph on the book's cover. After purchasing a copy of the book through an educational service in August of 2008, Woods recruited counsel to contact the publishers advising them of their misappropriation of his image. The publishers did not withdraw the book from distribution. On May 29, 2009, within a year of discovering the publication, Woods filed a request for injunctive relief and damages for the publishers' violation of 12 O.S. 2001 § 1449,[8] prohibiting the knowing use of a photograph without prior consent.

· ¶ 9 Woods' photograph appeared on the cover of a series of paperbacks known as the *Literary Touchstone Classics*. The edition carrying Woods photograph was published and shipped to customers on March 3, 2006 and sold until December of 2008. From March 3, 2006 to May 28, 2007, eleven thousand (11,000) copies were shipped to recipients in forty-eight (48) states. Seventy-two (72) of the books were shipped to Oklahoma recipients. The paperbacks were advertised for sale on multiple web sites.[9] Nevertheless, although it is apparent from the record that the publishers were aware of the identity of the model displayed on their publication,[10] they gave Woods no credit. His name did not appear on the cover with his image.

¶ 10 The publishers filed a motion for summary judgment on March 26, 2010 asserting that the two-year statute of limitations[11] began to run from the first date of publication. The first publication occurred on March 3, 2006. The publishers urged the trial court to adopt the single publication rule. The trial court found the arguments persuasive and entered judgment in the publishers' favor on June 28, 2010. It also certified the cause for immediate appeal pursuant to 12 O.S.2001 § 952(b)(2). In so doing, it: applied the two year statute of limitations found in 12 O.S. Supp.2009 § 95(A)(3); adopted the single publication rule; and rejected arguments that the discovery rule should be applied to toll the statute of limitations.

¶ 11 On July 27, 2010, Woods timely filed a petition for certiorari review of the certified interlocutory order. Although the briefing cycle concluded with the filing of Woods reply brief on December 20th, the record was not received until January 12, 2011.

¶ 12 **a. Causes of action arising under 12 O.S.2001 § 1449 for misappropriation of a person's name, voice, signature, photograph, or likeness are governed by 12 O.S. Supp.2009 § 95(A)(3), providing for a two-year limitations period for an action for injury to the rights of another.**

■ ¶ 13 Woods insists that his cause of action, which he describes as one of "publicity," is governed by 12 O.S. Supp.2009 § 95[12] providing a three-year period in which to bring a cause of action enumerated by statute. The publishers agree that the applicable statute of limitations is found in § 95 but contend that the cause is one for injury to the rights of another with a two-year limitations period.

■ ¶ 14 The trial court granted summary judgment based on a legal determination that the cause of action was governed by the single publication rule and that the filing fell outside the statute of limitations. Although limitations issues may involve mixed questions of fact and law, generally, they are

---

8. Title 12 O.S.2001 § 1449, see note 1, supra.

9. Declaration of Jason Scott, Chief Executive Officer of Prestwick House, Inc., appearing at p. 24 of the record.

10. The publishers' e-mail dated February 18, 2006, and found at p. 80 of the record, providing in pertinent part:

"... the model/actor is Tyler Woods, 2002 ..."

11. Title 12 O.S. Supp.2009 § 95, see note 3, supra.

12. *Id.*

reviewed in this Court as questions of law.[13] Furthermore, we have previously determined that the application of the discovery rule and its effect on limitation issues present questions of law [14] subject to *de novo* review.[15]

¶ 15 Woods' assertion that the cause should be governed by a three-year statute of limitations pursuant to 12 O.S. Supp.2009 § 95(A)(2) for liabilities created by statute is unconvincing. He acknowledges that the cause of action he characterizes here as one of the "right to publicity" arose out of this Court's adoption of the concept of "invasion of privacy" in *McCormack v. Oklahoma Publishing Co.*, 1980 OK 98, 613 P.2d 737.[16]

¶ 16 This Court has long recognized that a **liability created by statute is defined as a liability not existing but for the statutory provision.**[17] As early as 1978, this Court recognized a limited cause of action for invasion of privacy.[18] In *McCormack*, we specifically adopted the Restatement of Torts' recognition of appropriation of another's name or likeness as the tort of invasion of privacy.[19] The Court did so without the Legislature's having enacted a law to create the tort in abrogation of the common law. Title 12 O.S.2001 § 1449,[20] upon which Woods relies for recovery, did not become a part of the statutory scheme until 1985.

¶ 17 Even before the Legislature adopted 12 O.S.2001 § 1449, we had recognized the concept of misappropriation of another's name or likeness as the tort of invasion of privacy. Therefore, we hold that causes of action arising under 12 O.S.2001 § 1449 for misappropriation of a person's name, voice, signature, photograph, or likeness are governed by 12 O.S. Supp.2009 § 95(A)(3), providing for a two-year limitations period for an action for injury to the rights of another.

¶ 18 **b. The discovery rule may apply to toll the statute of limitations in a case of unauthorized use under 12 O.S.2001 § 1449 if the publication is likely to have been concealed or published in a secretive manner making it unlikely to come to the attention of the injured party.**

¶ 19 Woods argues that, even with application of the two-year statutory period, the date he discovered that his photograph had been misappropriated should govern the time of accrual of his cause of action. He contends that, because of the way that publication was made, he had no knowledge, or way to know, in the exercise of reasonable diligence, of the unauthorized use of his picture. The publishers contend that the single publication rule applies to the cause and that the discovery rule is inapposite to the misappropriation claim. We disagree with the publishers' contentions.

¶ 20 A brief overview of the relevant doctrines at play is helpful in understanding the various underlying theories that the parties allege are important to deciding this cause. Those concepts include the single-publication rule, the multiple-publication rule, and the discovery rule.

¶ 21 Under the single-publication rule, only one potential cause of action arises from the

---

13. *Ellington v. Horwitz Enterprises*, 2003 OK 37, ¶ 4, 68 P.3d 983. See also, *Wille v. GEICO Casualty Co.*, 2000 OK 10, ¶ 0, 2 P.3d 888.

14. See, *Lovelace v. Keohane*, 1992 OK 24, ¶ 0, 831 P.2d 624, 11 A.L.R.5th 1061.

15. *Welch v. Crow*, 2009 OK 20, ¶ 9, 206 P.3d 599; *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 11, 160 P.3d 959; *Pickens v. Tulsa Metropolitan Ministry*, 1997 OK 152, ¶ 7, 951 P.2d 1079.

16. Brief in Chief of Petitioner, filed December 3, 2010, p. 8. Admissions in a brief may be regarded as a supplement to the appellate record. *White v. Heng Ly Lim*, 2009 OK 79, fn. 10, 224 P.3d 679; *Tyler v. Shelter Mut. Ins. Co.*, 2008 OK 9, fn. 9, 184 P.3d 496; *Matter of Adoption of M.J.S.*, 2007 OK 43, fn. 17, 162 P.3d 200.

17. *Hough v. Hough*, 1952 OK 106, ¶ 3, 242 P.2d 162; *Smith Engineering Works v. Custer*, see note 2, supra.

18. *McCormack v. Oklahoma Publishing Co.*, 1980 OK 98, ¶ 1, 613 P.2d 737; *Munley v. ISC Financial House, Inc.*, 1978 OK 123, ¶ 12, 584 P.2d 1336.

19. See, *LeFlore v. Reflections of Tulsa, Inc.*, 1985 OK 72, ¶ 22, 708 P.2d 1068, 64 A.L.R.4th 1001.

20. Title 12 O.S.2001 § 1449, see note 1, supra.

publication of a newspaper or book.[21] Pursuant to the rule, a cause of action is complete when the first publication is made. Subsequent distributions are of no consequence to the creation of the cause of action but may be relevant in computing damages.[22] The intent of the rule is to protect publishers from a multitude of lawsuits based on one tortious act[23] and to limit the time lag for bringing suit between the actual printing and the reading of an article.[24] Nevertheless, the rule has an exception referred to as "republication." Republication occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of the original edition. The justification for the exception is to allow redress when the republished material is intended to expand the scope of the original distribution.[25]

¶ 22 The multiple-publication rule is rooted in the common law.[26] It provides that each sale or delivery of a single copy of a newspaper or magazine is a distinct and separate publication of a libel therein contained.[27] In modern jurisprudence, it is applied when a communication is made in confidence making it difficult for the plaintiff to learn of the dissemination.[28] **It is important to note here that Woods has filed a single action to recover for all alleged damages.**

¶ 23 As late as 1998, at least one Justice of this Court was of the opinion that Oklahoma operated under the multiple-publication rule and that we should consider adoption of the single publication rule.[29] Earlier, the Tenth Circuit Court of Appeals applied Oklahoma law and determined that a cause of action for damages for invasion of privacy flowing from multiple publications would not accrue until the final publication.[30]

¶ 24 In *Resolution Trust Corp. v. Grant*, 1995 OK 68, ¶ 8, 901 P.2d 807, this Court acknowledged that **"Oklahoma follows the discovery rule."** The rule allows limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury.[31] It is applied to delay the running of the statute of limitations. Like the multiple publication rule, and the exception to the single publication rule of republication, it rests on the inability of the injured party,

21. *Hebrew Academy of San Francisco v. Goldman*, 70 Cal.Rptr.3d 178, 42 Cal.4th 883, 173 P.3d 1004 (2007);

22. *Founding Church of Scientology of Washington, D.C. v. American Medical Ass'n*, 18 Ill.Dec. 5, 60 Ill.App.3d 586, 377 N.E.2d 158 (1978).

23. *Graham v. Today's Spirit*, 503 Pa. 52, 468 A.2d 454 (1983), 503 Pa. 52, 468 A.2d 454, 41 A.L.R.4th 535.

24. *Id.*

25. *Woodhull v. Meinel*, 2009–NMCA–015, ¶ 12, 145 N.M. 533, 202 P.3d 126, *cert. denied*, 2009–NMCert–001, 203 P.3d 870; *Firth v. State*, 98 N.Y.2d 365, 747 N.Y.S.2d 69, 775 N.E.2d 463.

26. *Christoff v. Nestle USA, Inc.*, see note 39, infra; *McCutcheon v. Alaska*, 746 P.2d 461 (Alaska 1987); *Lewis v. Reader's Digest Ass'n, Inc.*, 162 Mont. 401, 512 P.2d 702 (1973).

27. *Cweklinsky v. Mobil Chemical Co.*, 267 Conn. 210, 837 A.2d 759 (2004); *Church of Scientology of Minnesota v. Minnesota State Medical Ass'n Found.*, 264 N.W.2d 152 (Minn.1978); "Conflict of laws with respect to the 'single publication' rule as to defamation, invasion of privacy, or similar tort," 58 A.L.R.2d 650 (1958).

28. See, *Musto v. Bell South Telecommunications Corp.*, 748 So.2d 296 (Fla.App.1999), *question certified*, 741 So.2d 637 (Fla.App.1999), *review denied*, 753 So.2d 563 (Fla.2000).

29. *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, ¶ 1, 958 P.2d 128 [Simms, J. dissenting.]. See also, *Magnusson v. New York Times Co.*, 2004 OK 53, 98 P.3d 1070 [Multiple broadcasts were considered in determining whether media could defend against invasion of privacy claim utilizing fair comment privilege.]; *Weaver v. Pryor Jeffersonian*, 1977 OK 163, 569 P.2d 967 [Multiple publications of same defamatory letter considered in determining that a fact question existed on the issue of actual malice or highly unreasonable conduct.].

30. *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875 (10th Cir.1975). But see, *Hazlitt v. Fawcett Publications, Inc.*, 116 F.Supp. 538 (D.Conn.1953) in which a federal court forecasted that Oklahoma would adopt the single publication rule while at the same time noting that there was no Oklahoma jurisprudence to support the prediction.

31. *Resolution Trust Corp. v. Grant*, see note 5, supra; *Samuel Roberts Noble Found., Inc. v. Vick*, 1992 OK 140, ¶ 11, 840 P.2d 619; *Reynolds v. Porter*, 1988 OK 88, fn. 8, 760 P.2d 816; *Seitz v. Jones*, 1961 OK 283, ¶ 10, 370 P.2d 300.

despite the exercise of due diligence, to know of the injury or its cause. Its purpose is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have the same rights as those who suffer an immediately ascertainable injury.[32]

¶ 25 In determining whether the discovery rule is applicable to the facts presented here, *Digital Design Group, Inc. v. Information Builders, Inc.*, 2001 OK 21, 24 P.3d 834 is instructive. In *Digital*, we addressed whether the discovery rule could be utilized to determine when the one-year statute of limitations would begin to run on an action for libel. Although the Court acknowledged the general rule that a libel action accrues on the date of publication, we adopted the rule for application in matters where the publication is likely to be concealed from the plaintiff or published in a secretive manner making it unlikely to come to the injured party's attention. In adopting the discovery rule for application in libel cases, the *Digital* Court pointed to approximately a dozen situations in which utilization of the rule has been allowed in Oklahoma when the injury was either concealed or unlikely to come to the attention of the injured party.[33] Quoting from *Resolution Trust Corp. v. Grant*, 1995

OK 68, ¶ 8, 901 P.2d 807, we acknowledged that **Oklahoma follows the discovery rule allowing limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury.**

¶ 26 *Digital* was decided in February of 2001. Since that time, the discovery rule has been applied to causes of action for: breach of a fiduciary duty;[34] cumulative injury under the Federal Employers' Liability Act;[35] conversion or theft;[36] and Governmental Tort Claims Act suits where the government actively concealed facts giving rise to a plaintiff's claim.[37] In an unpublished opinion, the Tenth Circuit Court of Appeals recognized that, under Oklahoma law, the discovery rule applied to claims for invasion of privacy and misrepresentation.[38]

¶ 27 Although some courts have refused to apply the discovery rule to unauthorized use of an individual's likeness, those same jurisdictions indicate the rule would be viable in situations where publication was done in an inherently secretive manner.[39] Other courts refuse to apply the rule where there is specific statutory language providing for a date upon which the statute of limitations shall begin to run[40] or where their jurisprudence,

**32.** *Resolution Trust Corp. v. Farmer*, 865 F.Supp. 1143, 1151 (E.D.Pa.1994); *Resolution Trust Corp. v. Grant*, see note 5, supra. See also, *In re John Deere 4030 Tractor*, 1991 OK 79, ¶ 8, 816 P.2d 1126.

**33.** *Lee v. Phillips & Lomax Agency, Inc.*, 2000 OK 65, ¶ 9, 11 P.3d 632 [Repair of storm damaged roof.]; *Samuel Roberts Noble Found., Inc. v. Vick*, see note 31, supra [Malpractice actions involving engineers and architects.]; *McVay v. Rollings Constr.*, 1991 OK 102, ¶ 10, 820 P.2d 1331 [Negligence action for the failure of a plumber to reconnect a private sewer line.]; *In re 1973 John Deere 4030 Tractor*, see note 32, supra [Claim for recovery of stolen property.]; *Wade v. Geren*, 1987 OK 81, ¶ 13, 743 P.2d 1070 [Vacate adoption.]; *Smith v. Johnston*, 1978 OK 142, ¶ 13, 591 P.2d 1260 [Damage from the negligent installation of electrical wiring.]; *Seitz v. Jones*, 1961 OK 283, ¶ 10, 370 P.2d 300 [Medical malpractice.]; *Harper–Turner Oil Co. v. Bridge*, 1957 OK 124, ¶ 5, 311 P.2d 947 [Damage to realty caused from an oil well.]; *Continental Oil Co. v. Williams*, 1952 OK 303, ¶ 9, 250 P.2d 439 [Damages to realty caused by pollution of a stream.].

**34.** *Smith v. Baptist Foundation of Oklahoma*, 2002 OK 57, ¶¶ 7–8, 50 P.3d 1132; *Hebble v.*

*Shell Western E & P, Inc.*, 2010 OK CIV APP 61, ¶ 12, 238 P.3d 939, *cert. denied*, —— U.S. ——, 131 S.Ct. 822, 178 L.Ed.2d 576 (2010).

**35.** *Kennedy v. BNSF Railway Corp.*, 2009 OK CIV APP 98, ¶ 13, 227 P.3d 1120.

**36.** *Kordis v. Kordis*, 2001 OK 99, fn. 3, 37 P.3d 866.

**37.** *Tice v. Pennington, M.D.*, 2001 OK CIV APP 95, ¶ 15, 30 P.3d 1164.

**38.** *Erikson v. Farmers Group, Inc.*, 151 Fed.Appx. 672 (10th Cir.2005), *cert. denied*, 549 U.S. 814, 127 S.Ct. 71, 166 L.Ed.2d 25 (2006).

**39.** *Christoff v. Nestle USA, Inc.*, 47 Cal.4th 468, 97 Cal.Rptr.3d 798, 213 P.3d 132 (2009); *Blair v. Nevada Landing Partnership, RBG, LP*, 307 Ill. Dec. 511, 369 Ill.App.3d 318, 859 N.E.2d 1188 (2006).

**40.** *Putnam Berkley Group, Inc. v. Dinin*, 734 So.2d 532 (Fla.App.1999). See also, *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 848 N.Y.S.2d 7, 878 N.E.2d 589 (2007).

unlike Oklahoma's, does not recognize the discovery rule in other contexts.[41]

¶ 28 There is no specific statutory language in 12 O.S.2001 § 1449 [42] precluding the application of the discovery rule to the unauthorized publication of a photograph. Furthermore, the Oklahoma Legislature has not adopted the Uniform Single Publication Act, first promulgated in 1952.[43] Finally, application of the discovery rule to the alleged unauthorized publication of a photograph is consistent with Oklahoma jurisprudence allowing consideration of the rule in a wide range of tort actions. Therefore, we hold that the discovery rule may extend to toll the statute of limitations in a case of unauthorized use under 12 O.S.2001 § 1449 [44] if the publication is likely to have been concealed or published in a secretive manner making it unlikely to come to the attention of the injured party.

**¶ 29 c. The facts concerning the injury's discovery are disputed. Therefore, the question is one for the trier of fact.**

■■■ ¶ 30 On summary judgment all inferences and conclusions to be drawn from the underlying facts contained in the record are to be considered in the light most favorable to the party opposing the motion.[45] Even when the basic facts are undisputed, motions for summary judgment should be denied, if, under the evidentiary materials, reasonable individuals could reach different factual conclusions.[46] For a summary judgment movant to prevail in negating the discovery rule, it must demonstrate conclusively that no genuine fact issue exists about the time the non-movant discovered or, in the exercise of reasonable diligence, should have discovered the tort.[47]

■■■ ¶ 31 The central question in deciding whether the statute of limitations has expired for Woods' claims is when he knew or should have known that he suffered injury. The publishers initially released approximately eleven thousand (11,000) books, but only seventy-seven (77) were destined for Oklahoma consumers. Even if Woods had some duty to randomly search publications for the misappropriation of his photograph, it is doubtful he would have been able to find the publishers' book as he was not given credit or identified in the publication.

¶ 32 Where the period of limitations starts when the claimant knew, or, in the exercise of reasonable diligence would have discovered the act which gives rise to the claim, the beginning of the running of the statute of limitations is usually to be determined from the facts and circumstances of the particular case; and, where these are such that reasonable men might reach conflicting opinions thereon, the issue is a question for determination by the trier of fact.[48] Fact questions exist as to whether Woods was diligent dis-

**41.** *Morgan v. Hustler Magazine, Inc.*, 653 F.Supp. 711 (N.D.Ohio 1987) [Disagreed with on other grounds.].

**42.** Title 12 O.S.2001 § 1449, see note 1, supra.

**43.** Uniform Single Publication Act of 1952, § 1, Uniform Laws Annot. 2005, providing:

"No person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one edition of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture. Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions."

**44.** Title 12 O.S.2001 § 1449, see note 1, supra.

**45.** *Price v. Howard*, 2010 OK 26, ¶ 7, 236 P.3d 82; *MLC Mort. Corp. v. Sun America Mort. Co.*, 2009 OK 37, fn. 14, 212 P.3d 1199; *Gaines v. Comanche County Medical Hosp.*, 2006 OK 39, ¶ 4, 143 P.3d 203, 24 A.L.R.6th 931.

**46.** *Gaines v. Comanche County Medical Hosp.*, see note 45, supra; *Barnthouse v. City of Edmond*, 2003 OK 42, ¶ 36, 73 P.3d 840, *cert. denied*, 540 U.S. 981, 124 S.Ct. 464, 157 L.Ed.2d 371 (2003); *Carris v. John R. Thomas & Associates*, 1995 OK 33, ¶ 16, 896 P.2d 522.

**47.** *Clade v. Larsen*, 838 S.W.2d 277 (Tx.Ct.App. 1992).

**48.** *Redwine v. Baptist Medical Center of Oklahoma*, 1983 OK 55, ¶ 9, 679 P.2d 1293; *McCarroll v. Doctors General Hosp.*, 1983 OK 54, fn. 1, 664 P.2d 382; *Flowers v. Stanley*, 1957 OK 237, ¶ 0, 316 P.2d 840.

**1192**

covering the misappropriation of his photograph, precluding summary judgment. Although the facts surrounding the publication and distribution and the injury's discovery are not seriously disputed, the trier of fact must still determine when the plaintiff knew or should have known of the injury.[49]

### CONCLUSION

¶ 33 We affirm the trial court in so much as it determined that causes of action arising under 12 O.S.2001 § 1449 [50] for misappropriation of a person's name, voice, signature, photograph, or likeness are governed by 12 O.S. Supp.2009 § 95(A)(3),[51] providing for a two-year limitations period for an action for injury to the rights of another. We reverse the cause in so far as it prohibited Woods from pursuing relief under 12 O.S.2001 § 1449. Nevertheless, we express no opinion as to which of the parties may prevail on remand.

¶ 34 Application of the discovery rule is a judicial determination which must be made on a case-by-case basis.[52] It may apply to toll the statute of limitations in a case of unauthorized use under 12 O.S.2001 § 1449 if the publication is likely to have been concealed or published in a secretive manner making it unlikely to come to the attention of the injured party. Where reasonable persons might reach different inferences or conclusions involving the underlying disputed facts about an injury's discovery, the question of when the plaintiff knew or should have known is a question of fact for the trier of fact to decide.[53] Having determined that the discovery rule may apply to the disputed facts presented, we remand the cause for proceedings consistent with this opinion.

---

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, and COMBS, JJ.—concur.

---

**49.** *Digital Design Group, Inc. v. Information Builders, Inc.*, see note 5, supra; *Graham v. Keuchel*, 1993 OK 6, ¶ 61, 847 P.2d 342.

**50.** Title 12 O.S.2001 § 1449, see note 1, supra.

**51.** Title 12 O.S. Supp.2001 § 95(A)(3), see note 3, supra.

**52.** *Lovelace v. Keohane*, 1992 OK 24, ¶ 25, 831 P.2d 624, 11 A.L.R. 5th 1061.

**53.** *Smith v. Baptist Foundation of Oklahoma*, see note 34, supra; *Digital Design Group, Inc. v. Information Builders, Inc.*, see note 5, supra. See also, *Staheli v. Smith*, 548 So.2d 1299 (Miss. 1989); *White v. Gurnsey*, 48 Or.App. 931, 618 P.2d 975 (1980).