FILED
United States Court of Appeals
Tenth Circuit

June 29, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

OKLAHOMA CORRECTIONS
PROFESSIONAL ASSOCIATION,
INC., a not for profit corporation;
DAVID RAMSEY, individually;
GLEN COLEMAN,

      Plaintiffs - Appellants,

v.

PRESTON DOERFLINGER, Finance
Secretary and Director, Oklahoma
Department of Human Services,

      Defendant - Appellee.

No. 11-6137
(D.C. No. 5:10-CV-01369-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Plaintiffs-Appellants sought declaratory and injunctive relief barring the

Defendant-Appellee from terminating the Oklahoma Corrections Professional

Association's participation in the state's voluntary payroll-deduction program.

Plaintiffs sought a declaration that Okla. Stat. tit. 62, § 34.70(B)(5), requiring a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

minimum membership of 2,000 dues-paying members in order to participate in the program, was unconstitutional under the First and Fourteenth amendments. They also pressed a supplemental state law claim. The district court concluded that the Plaintiffs lacked Article III standing because of a lack of redressability. Okla. Corr. Prof'ls Ass'n v. Jackson, No. 5:10-cv-01369-R, Doc. 28, at 10 (W.D. Okla. Apr. 19, 2011). It dismissed the federal claims and declined to exercise jurisdiction over the supplemental state law claim. Id.

The district court, assuming the provision's unconstitutionality for purposes of standing analysis, reasoned that it could strike § 34.70(B)(5) in its entirety, but that this would eliminate the very program to which OCP seeks access. At the same time, the court rejected severance under Okla. Stat. tit. 75, § 11a (the state's general severance statute), which provides that severance is not proper when the court finds (as it did) that the legislature would have declined to enact the law without the voided clause. To sever the numerosity requirement alone, the district court concluded, would be to "rewrite" the law.

On appeal, we certified two questions to the Oklahoma Supreme Court:

(1) Is a court authorized by Okla Stat. tit. 75, § 11a to sever the numerosity requirement in §34.70(B)(5) if found to conflict with freedom of speech?

(2) If so, when a provision, as here, has been altered but not added anew, does severance of the altered version restore the old, superseded one? The Oklahoma Supreme Court reformulated the questions thus: "Whether the two

- 2 -

thousand (2,000) membership numerosity requirement of 62 O.S.2011 § 34.70(B)(5), if determined to conflict with constitutional guarantees of free speech, may be severed pursuant to 75 O.S. 2011 § 11a?" The court answered that it was in fact severable, and declined to answer the second question. In response to the state's argument that the legislature would not have enacted the provision without the minimum-membership clause, the court noted that numerous other payroll-deduction provisions in the Oklahoma code contain no such requirements; that subsections (B)(5) and (6) appear unique in their specific numerosity requirement; that §34.70 contains no legislative statement forbidding severance; and that voiding this numerosity requirement would not affect the clear intent of the statute at large. Oklahoma Corrections Professional Ass'n v. Jackson, — P.3d —, 2012 WL 2107978, at *2-3 (Okla. 2012).

In light of the Oklahoma Supreme Court's resolution of the reformulated question, we must vacate the district court's judgment and remand for further proceedings.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge